```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA            :

     - v. -                         :    PROTECTIVE ORDER

FENG LING LIU,                      :    12 Cr. 934 (RA)
    a/k/a "Karen,"
VANESSA BANDRICH,                   :
SHURAN LIU,
    a/k/a "Harry,"
YUCHANG MIAO,
    a/k/a "David,"
RUI YANG,
    a/k/a "Rachel,"
    a/k/a "Sunny,"
GUO QIN MIAO,
    a/k/a "Lillian," and
SHU FENG XIA,
    a/k/a "Kevin,"

                 Defendants.
- - - - - - - - - - - - - - - - - - - x
```

RONNIE ABRAMS, District Judge:

WHEREAS, the United States of America seeks to provide in unredacted form certain documents pursuant to Rule 16 of the Federal Rules of Criminal Procedure("Rule 16"), which contain and/or reflect personal identification information (including but not limited to names, social security numbers, dates of birth, account numbers, and medical diagnosis and treatment information); and

WHEREAS, the Government desires to protect the confidential information contained in the materials it produces pursuant to Rule 16(d)(1);

WHEREAS, all of the defendants, through their counsel,

consent to the entry of this Order;

IT IS HEREBY ORDERED:

1. Any material reflecting personal identification information (including, but not limited to, names, dates of birth, Social Security numbers, addresses, bank, credit card, or other financial account numbers, and medical diagnosis and treatment information) produced by the Government in this action is deemed "Confidential Information" and shall be so identified by the Government.

2. Confidential Information disclosed to any defendant or to his or her counsel during the course of proceedings in this action:

(a) Shall be used by the defendant and his or her counsel only for purposes of the defense of this action;

(b) Shall not be duplicated by the defendant except for purposes of the defense of this action;

(c) Shall be kept and maintained by the defendant in a secure container and location;

(d) Shall not be disclosed in any form by the defendant or his or her counsel except as set forth in paragraph 2(e) below;

(e) May be disclosed by the defendant or his or her counsel only to the following persons (hereinafter "Designated Persons"):

        (i) investigative, secretarial, clerical, and paralegal student personnel employed full-time or part-time by the defendant's counsel;

        (ii) independent expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action;

        (iii) other prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for trial preparation;

        (iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

    (f) Shall be returned to the Government following the conclusion of the trial of the above-referenced action or upon the defendant's sentencing, as the case may be, and any all copies made of said material shall be shredded, erased, and/or destroyed, as the case may be.

    3. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Confidential Information pursuant to paragraph 2(e). Prior to disclosure of Confidential Information to Designated Persons, pursuant to paragraph 2(e), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they "Agree to be bound by the terms herein," and

providing such copy to the defendant's counsel.  However, defendants and their counsel need not obtain signatures from any member of the defense team (i.e., attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), all of whom are nonetheless bound by this Protective Order.

4.   The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court (or their staff) for purposes of the above-referenced action.

5.   With respect to Confidential Information, any filings with any court shall be governed by Rule 49.1 of the Federal Rules of Criminal Procedure.

Dated:    New York, New York
          February 28, 2014

SO ORDERED:

_____
HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 27, 2014

**BY ECF**
The Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: **United States of America v. Feng Ling Liu, et al.**
      **12 Cr. 934 (RA)**

Dear Judge Abrams:

   The Government respectfully writes to request that the Court enter the enclosed protective order in the above referenced matter. The Government is prepared to produce bank records belonging to certain of the defendants to all of the charged defendants. Because the bank records contain personal information of the some of the defendants, they have requested that the records be produced pursuant to a protective order. Counsel for Vanessa Bandrich, Shuran Liu, Yuchang Miao, Rui Yang, Guo Qin Miao, and Shu Feng Xia have consented to the entry of this order.[1]

             Sincerely,

             PREET BHARARA
             United States Attorney

           By: /s/
             Rebecca Mermelstein
             Patrick Egan
             Robert L. Boone
             Assistant United States Attorney
             Southern District of New York
             (212) 637-2360/2345/2208

Cc: all counsel

---

[1] As Your Honor is aware, Feng Ling Liu is in the process of obtaining new counsel and is scheduled to appear before Your Honor tomorrow for a substitution of counsel proceeding.