```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

          -v.-                    :     S2 12 Cr. 934 (RA)

FENG LING LIU, et al.             :

          Defendants.             :

- - - - - - - - - - - - - - - - - -x
```

## GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

```
                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York,
                              Attorney for the United States
                                   of America
```

```
ROBERT L. BOONE
PATRICK EGAN
REBECCA MERMELSTEIN
Assistant United States Attorneys
     - Of Counsel -
```

TABLE OF CONTENTS

Page

A. The Charges . . . . . . . . . . . . . . . . . . . . . 2

B. Ability to Render a Fair Verdict . . . . . . . . . . . 3

C. Knowledge of the Trial Participants . . . . . . . . . 6

D. Relevant Locations . . . . . . . . . . . . . . . . . . 7

E. Relationship With Government . . . . . . . . . . . . . 8

F. Prior Jury Service . . . . . . . . . . . . . . . . . . 8

G. Experience as a Witness, Defendant,
   Or Crime Victim . . . . . . . . . . . . . . . . . . 9

H. Other Questions . . . . . . . . . . . . . . . . . . . 10

I. Function of the Court and Jury . . . . . . . . . . . . 11

J. Juror's Background . . . . . . . . . . . . . . . . . . 12

K. Requested Instruction Following Impaneling
   of the Jury . . . . . . . . . . . . . . . . . . . . 12

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

         -v.-                      :     S2 12 Cr. 934 (RA)

FENG LING LIU, et al.              :

         Defendants.               :
- - - - - - - - - - - - - - - - - -x
```

## GOVERNMENT'S PROPOSED <u>EXAMINATION OF PROSPECTIVE JURORS</u>

The Government respectfully requests the Court to include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

A.   The Charges

1.   This is a criminal case. The defendants, FENG LING LIU, a/k/a "Karen," VANESSA BANDRICH, SHURAN LIU, a/k/a "Harry," YUCHANG MIAO, a/k/a "David," RUI YANG, a/k/a "Rachel," a/k/a "Sunny," GUO QIN MIAO, a/k/a "Lillian," and SHU FENG XIA, a/k/a "Kevin," have been charged in an Indictment filed by a grand jury sitting in this District with violating federal law relating to conspiracy to engage in immigration fraud.

2.   The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt. I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3.   The Indictment contains one count. Count One charges the defendants with conspiring to commit immigration fraud.

4.   Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described it? Have any of you read or heard anything about this case in the press or from any other source? If so, is there anything you have read or heard that would cause you to feel that you cannot decide the fact issues of this case

fairly and impartially?

     5.   Do any of you feel that you could not view fairly and impartially a case involving such charges? Have any of you formed an opinion that any of the actions charged in the Indictment, as I have described them to you, should not be a crime?

    B.  <u>Ability to Render a Fair Verdict</u>

     6.   Does the fact that the charge involves immigration fraud affect your ability to render a fair and impartial verdict?

     7.   Do any of you have any opinion about the enforcement of federal criminal laws relating to the United States immigration laws that might prevent you from being fair and impartial in this case?

     8.   Has any juror been involved in an offense involving immigration fraud?

     9.   Has any juror's relative, close friend or associate been accused of such an offense?

     10.  Has any juror applied for United States immigration benefits on behalf of themselves or someone else (e.g., alien labor certification, permanent residence, naturalization)?

     11.  Has any juror's relative, close friend or associate applied for immigration benefits on behalf of themselves or someone else?

12. This case involves application processes conducted by the Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS"). Has any juror worked for USCIS? If so, in what capacity? Has any juror had any contact with USCIS? If so, what was the nature of that contact?

13. This case was investigated by, among other entities, the Federal Bureau of Investigation (the "FBI") and the New York City Police Department (the "NYPD"). Has any juror worked for the FBI or the NYPD? If so, in what capacity? Has any juror had any contact with the FBI or the NYPD? If so, what was the nature of that contact?

14. The witnesses in this case may include law enforcement agents. Would any of you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement agent?

15. One or more of the witnesses called by the government may have been involved in similar crimes as those charged in the indictment. These witnesses may either have pleaded guilty and are testifying pursuant to lawful cooperation agreements with the government or pursuant to an agreement with the government where the government has decided not to charge them. Some of these witnesses may be hoping that their cooperation will result in a reduced sentence or some other

4

benefit.  There is nothing unlawful about the government's use of such witnesses.  Do any of you have problems with this type of witness such that you may be unable to be fair and impartial?

      16.  Some of the witnesses in this case will be testifying in Chinese Mandarin with the aid of a translator who will be relaying the witnesses' answers to you in English.  Would any juror be more likely or less likely to believe a witness merely because that witness is testifying in Mandarin?  Does any juror speak or understand Mandarin?  Does any juror have a hearing problem that would make it difficult for him or her to understand or follow testimony that is given with the aid of a translator?  Would any juror have difficulty following my instruction that, even if you understand the Mandarin language, because you are to all consider the same evidence, you are to rely upon the official English translation provided by the translator even if that translation differs from your understanding of the testimony?

      17.  You will also hear testimony in this case that in-person meetings and phone conversations were recorded at the direction of law enforcement officers without the knowledge of all the individual participants in the conversations.  I instruct you that the recording of those conversations was perfectly legal.  Do any of you have any feelings about such

5

recordings by law enforcement that would make it difficult for you to render a fair and impartial verdict?

18. Does anyone have any expectations about the types of evidence that the Government might present in criminal trials? Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular techniques when investigating and presenting evidence of a crime?

    C.    Knowledge of the Trial Participants

19. Do any of you know, or have any of you had any dealing, directly or indirectly, with FENG LING LIU, a/k/a "Karen," VANESSA BANDRICH, SHURAN LIU, a/k/a "Harry," YUCHANG MIAO, a/k/a "David," RUI YANG, a/k/a "Rachel", a/k/a "Sunny," GUO QIN MIAO, a/k/a "Lillian," and SHU FENG XIA, a/k/a "Kevin," or with any relative, friend or associate of the defendants?

20. Do any of you have any relatives, friends, associates, or employers who know or have had any dealings with the defendants?

21. The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York -- who is Preet Bharara. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Patrick Egan, Rebecca Mermelstein and Robert Boone. Do any of you know

Mr. Bharara, Mr. Egan, Ms. Mermelstein, or Mr. Boone? Joining Mr. Egan, Ms. Mermelstein and Mr. Boone at counsel's table are Colleen Geier, a paralegal with the U.S. Attorney's Office, and Daniel Park, a Special Agent with the FBI. Have you had any dealings either directly or indirectly with any of these individuals?

22. The defendants are represented respectively by, Ronald Fischetti, Sean Maher, Cesar De Castro, Charles Hochbaum, Stanislao German, Donald Duboulay, and Joshua Dratel.

Do any of you know Mr. Fischetti, Mr. Maher, Mr. De Castro, Mr. Hochbaum, Mr. German, Mr. Duboulay, or Mr. Dratel or have you had any dealings, either directly or indirectly, with them?

23. Does any juror know or has he or she had any dealings, either directly or indirectly with any of the following individuals who may be called as witnesses or whose names may come up during the trial:

[list to be provided]

D. Relevant Locations

24. Certain conduct at issue in this case took place at offices [and homes] at the following locations:

[list to be provided]

Are any of you familiar with these general areas of New York or these specific locations? What do you know about the

7

area? Do you think that your familiarity with the area will affect your ability to render a fair verdict?

E.   Relationship With Government

    25.   Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York, the FBI, or the NYPD?  Is any member of your family employed by any federal department or agency, or any law enforcement agency, whether federal, state or local?

    26.   Does any juror have any bias, prejudice or other feelings for or against the United States Attorney's Office, the FBI, the NYPD, or any other law enforcement agency?

    27.   Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the FBI?  Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

F.   Prior Jury Service

    28.   Have you ever, at any time, served as a member of a grand jury, whether federal, state, county or city court?

    29.   Have you ever served as a juror in any court? If so, when and in what court did you serve and was it a civil or

criminal case? Did the jury reach a verdict?

    G.    <u>Experience as a Witness, Defendant, or Crime Victim</u>

    30.  Has any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

    31.  Have you ever been a witness or a complainant in any prosecution, state or federal?

    32.  Are you, or any family member, to your knowledge, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

    33.  Have you, or has any member of your family, any associate or close friend, ever been arrested or charged with a crime?

    34.  Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

    35.  Have you, or any of your close friends or relatives, ever been a victim of a crime? [As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the

circumstances of each crime.]

    H.    Other Questions

36. Do any of you have any problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

37. Are any of you taking any medication that prevents you from giving full attention to all of the evidence at this trial?

38. Do any of you have any difficulty in reading or understanding English in any degree?

39. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

40. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror. Aside from the previous questions I have asked, do any of you have the slightest doubts in your own mind, for any reason whatsoever, that you will not be able to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

I.    Function of the Court and Jury

41.   The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be.  At the conclusion of this case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment.  Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

42.   Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that any possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty?

43.   Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not guilty, and that only the evidence produced here in Court may be used by you to determine whether the defendant is guilty or not guilty?

44.   It is not a particularly pleasant duty to find

another individual guilty of committing a crime.  Is there any of you who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

    J.    <u>Juror's Background</u>

        45.    The Government respectfully requests that the Court ask each juror to state the following information:

            a.    the juror's family status;

            b.    the town or part of New York City in which the juror resides;

            c.    the juror's occupation and educational background;

            d.    the location of the juror's employer;

            e.    the period of employment with that employer;

            f.    the same information concerning other employment within the last five years;

            g.    the same information with respect to the juror's spouse and any working children;

            h.    what newspapers and magazines the juror reads and how often; and

            i.    what television programs the juror regularly watches.

    K.    <u>Requested Instruction Following Impaneling of the Jury</u>

        46.    You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial, you must not

conduct any independent research about this case, the matters in this case, and the individuals and corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family, and your friends. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk and to no one else.

When I say report that to no one else, I mean that you should not tell anyone, including your fellow jurors.

47.  In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.  In this connection, when the Court is in recess, please stay either in the jury room or somewhere outside the courtroom. Please do not wait in the

courtroom.

48. Finally, if anything should happen involving any juror which is of an unusual nature, or which you think is something the judge should be told about, do not discuss it with any other juror.  Simply give the clerk a note to the effect that you want to speak to me about it and I can then hear what it is and what you have to say.  I make these remarks without expecting anything unusual or improper to happen.  It is just safer to take the precaution of alerting you in advance.

Dated:    New York, New York
          March 3, 2014

                                    Respectfully submitted,

                                    PREET BHARARA
                                    United States Attorney
                                    Attorney for the Government
                                    United States of America


                              By:       /s/
                                    Robert L. Boone
                                    Patrick Egan
                                    Rebecca Mermelstein
                                    Assistant United States Attorneys
                                    (212) 637-2208/2345/2360