UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| - v.- | : | S2 12 Cr. 934 (RA) |
| | : | |
| FENG LING LIU, | : | |
| a/k/a "Karen," | : | |
| VANESSA BANDRICH, | : | |
| SHURAN LIU, | : | |
| a/k/a "Harry," | : | |
| YUCHANG MIAO, | : | |
| a/k/a "David," | : | |
| RUI YANG, | : | |
| a/k/a "Rachel," | : | |
| a/k/a "Sunny," | : | |
| GUO QIN MIAO, | : | |
| a/k/a "Lillian," and | : | |
| SHU FENG XIA, | : | |
| a/k/a "Kevin," | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------x

## GOVERNMENT'S PROPOSED REQUESTS TO CHARGE

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
of America

Robert L. Boone
Patrick Egan
Rebecca Mermelstein
Assistant United States Attorneys

- Of Counsel –

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                      :

UNITED STATES OF AMERICA,          :
                                        :

                - v.-               :        S2 12 Cr. 934 (RA)
                                        :

FENG LING LIU,                   :
         a/k/a "Karen,"          :
VANESSA BANDRICH,        :
SHURAN LIU,                  :
         a/k/a "Harry,"          :
YUCHANG MIAO,            :
         a/k/a "David,"          :
RUI YANG,                    :
         a/k/a "Rachel,"       :
         a/k/a "Sunny,"        :
GUO QIN MIAO,             :
         a/k/a "Lillian," and   :
SHU FENG XIA,             :
         a/k/a "Kevin,"          :
                                        :
                   Defendants.      :
                                        :
------------------------------------------------------x

## **GOVERNMENT'S PROPOSED REQUESTS TO CHARGE**

        Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests the Court to include the following in its charge to the jury.

**REQUESTS TO CHARGE BY NUMBER**

Request No.

1.    General Requests.................................................................................................1

2.    The Indictment.....................................................................................................2

3.    Conspiracy To Commit Immigration Fraud – The Indictment And The
      Statute.................................................................................................................3

4.    Conspiracy To Commit Immigration Fraud – Purpose Of The Statute; Distinct From
      Substantive Offense ...........................................................................................4

5.    Conspiracy To Commit Immigration Fraud – Elements Of Conspiracy………...............5

6.    Conspiracy To Commit Immigration Fraud – First Element: Existence Of The
      Conspiracy............................................................................................................6

7.    Conspiracy To Commit Immigration Fraud – First Element: Object Of The Conspiracy –
      Immigration Fraud Elements……………….…………………………………............11

8.    Conspiracy To Commit Immigration Fraud – Second Element: Membership In The
      Conspiracy……………….....................................................................................13

9.    Conspiracy To Commit Immigration Fraud – Third Element: Overt Act ……………….16

10.   Conspiracy To Commit Immigration Fraud – Time of Conspiracy…...............................18

11.   Conspiracy To Commit Immigration Fraud – Conscious Avoidance……......................19

12.   Venue……………….…………………………………………………………...............22

13.   Use Of Recordings And Transcripts....................................................................23

14.   Cooperating Witness Testimony……………….………………………………….......24

15.   Accomplice Testimony – Guilty Plea……………….……………………………27

16.   Informal Immunity Of Government Witnesses....................................................28

17.   Law Enforcement And Government Employee Witnesses……………….......................29

18.   Defendant's Right Not To Testify........................................................................30

19. Defendant's Testimony........................................................................................31

20. Character Witnesses............................................................................................32

21. Uncalled Witnesses: Equally Available Or Unavailable To Both Sides…………….......33

22. Persons Not On Trial..........................................................................................34

23. Preparation Of Witnesses....................................................................................35

24. Particular Investigative Techniques Not Required……………………............................36

25. Charts and Summaries: Admitted as Evidence..................................................37

26. Charts And Summaries: Not Admitted As Evidence..........................................38

27. Stipulations……………………………………………………….....................................39

28. Each Defendant to Be Considered Separately………………………………………...40

29. Sympathy: Oath As Juror……………………………………………………...…41

30. Improper Considerations: Race, Religion, National Origin, Sex, or Age………………..42

31. Punishment Not To Be Considered By The Jury..............................................43

32. Conclusion……………………………………………………….....................................44

**REQUEST NO. 1**

**<u>General Requests</u>**

The Government respectfully request that the Court give its usual instructions to the jury on the following matters:

a.      Function Of Court And Jury.

b.      Indictment Not Evidence.

c.      Statements Of Court And Counsel Not Evidence.

d.      Burden Of Proof And Presumption Of Innocence.

e.      Reasonable Doubt.

f.      Government Treated Like Any Other Party.

g.      Definitions, Explanations, And Example Of Direct And
        Circumstantial Evidence.

h.      Inferences.

i.      Credibility Of Witnesses.

j.      Right To See Exhibits And Have Testimony Read During Deliberations.

k.      Verdict Of Guilt Or Innocence Must Be Unanimous.

## REQUEST NO. 2

### The Indictment

The defendants are formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains one count.

The Indictment charges the defendants, FENG LING LIU, a/k/a "Karen," VANESSA BANDRICH, SHURAN LIU, a/k/a "Harry," YUCHANG MIAO, a/k/a "David," RUI YANG, "a/k/a "Rachel," a/k/a "Sunny," GUO QIN MIAO, a/k/a "Lillian," and SHU FENG XIA, a/k/a "Kevin," with conspiracy to commit immigration fraud.  The object of the conspiracy in which the defendants are alleged to have participated was the obtaining of documents authorizing immigrants to stay in the United States knowing those documents were procured by means of a false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained.

**REQUEST NO. 3**

**Conspiracy To Commit Immigration Fraud**

**The Indictment And The Statute**

As I said, the Indictment charges the defendants, FENG LING LIU, a/k/a

"Karen," VANESSA BANDRICH, SHURAN LIU, a/k/a "Harry," YUCHANG MIAO, a/k/a

"David," RUI YANG, "a/k/a "Rachel," a/k/a "Sunny," GUO QIN MIAO, a/k/a "Lillian," and

SHU FENG XIA, a/k/a "Kevin," with participating in a conspiracy to commit immigration fraud.

*[The Court is respectfully requested to read Count One of the Indictment, excluding the "overt*

*acts" section.]*

The Indictment then lists the overt acts that are alleged to have been committed in

furtherance of the conspiracy.

The relevant statute on this subject provides:

If two or more persons conspire . . . to commit any offense against the United
States . . ., and one or more of such persons do any act to effect the object of the
conspiracy, each [is guilty of an offense against the United States].


Hon. Leonard B. Sand et al., Modern Federal Jury Instructions,
Instr. 19-1.

3

## REQUEST NO. 4

### Conspiracy To Commit Immigration Fraud

### Purpose Of The Statute; Distinct From Substantive Offense

The Indictment charges the defendants with a conspiracy to commit immigration fraud.  A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy – or unlawful combination or agreement – to commit immigration fraud, as charged in the sole count of the Indictment, is an independent offense. That is, a conspiracy is separate and distinct from the actual violation of any specific federal law. The actual violation of any specific federal laws is referred to as a "substantive crime."

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 19-2.

## REQUEST NO. 5

### Conspiracy To Commit Immigration Fraud

### Elements Of Conspiracy

In order to sustain its burden of proof with respect to the conspiracy charged in the Indictment, the Government must prove beyond a reasonable doubt the following three elements:

First, the existence of the conspiracy charged, that is, an agreement or understanding to violate the laws of the United States, specifically, the laws prohibiting immigration fraud;

Second, that a given defendant knowingly and willfully became a member of the conspiracy charged; and

Third, that any one of the conspirators – not necessarily one of the defendants charged in the Indictment, but rather any member of the conspiracy – knowingly committed at least one overt act in the Southern District of New York in furtherance of the conspiracy during the life of the conspiracy.

The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.  Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

Now let us separately consider the three elements.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 19-2; the charge of the Honorable Robert P. Patterson, United States v. Liying Lin, 12 Cr. 936 (RPP) (S.D.N.Y. 2014). see United States v. Maldonado-Rivera, 922 F.2d 934, 961-62 (2d Cir. 1990) (quoting district court charge setting forth three elements of conspiracy), cert. denied, 501 U.S. 1233 (1991).

5

# REQUEST NO. 6

## Conspiracy To Commit Immigration Fraud

## First Element: Existence Of The Conspiracy

Starting with the first element, what is a conspiracy?  As I mentioned just a few minutes ago, a conspiracy is a combination, an agreement, or an understanding, between two or more people to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful purpose alleged to be the object of the conspiracy charged in Count One is the obtaining of documents authorizing immigrants to stay in the United States knowing those documents were procured by means of a false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement of two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required for a conspiracy to have existed.  If you find that the conspirators agreed to accomplish the objective charged in Count One of the Indictment, whether or not that objective was accomplished, the illegal purpose element will be satisfied.  In other words, you may find the defendants guilty of the crime of conspiring to commit the crime of immigration fraud even if the substantive crime of immigration fraud was not actually committed.  Conspiracy is a crime, even if the conspiracy is not successful, or if the defendant him or herself did not commit the substantive crime.

The conspiracy alleged here in Count One, therefore, is an agreement to obtain documents authorizing immigrants to stay in the United States knowing those documents were

6

procured by means of a false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  Rather, in determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators.  When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the

conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from them.  It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, the object of the conspiracy.

**Liability For Acts And Declarations Of Co-Conspirators**

You will recall that I have admitted at this trial evidence of the acts and statements of other individuals who were not present because such acts were committed and such statements were made by a person who, the Government claims, was also a confederate or co-conspirator of the defendants.

The reason for allowing this evidence to be received against the defendants has to do in part with the nature of the crime of conspiracy.  As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that a given defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy

may be considered against the defendant.  This is so even if such acts were committed or such statements were made in a given defendant's absence, and without his or her knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendants, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether a given defendant is guilty or not guilty.

**<u>Object Of The Conspiracy – Immigration Fraud</u>**

The object of a conspiracy is the illegal goal the co-conspirators agree on or hope to achieve.  As I stated earlier, the Indictment charges that the defendants, FENG LING LIU, a/k/a "Karen," VANESSA BANDRICH, SHURAN LIU, a/k/a "Harry," YUCHANG MIAO, a/k/a "David," RUI YANG, "a/k/a "Rachel," a/k/a "Sunny," GUO QIN MIAO, a/k/a "Lillian," and SHU FENG XIA, a/k/a "Kevin," and others, agreed to commit immigration fraud by obtaining documents authorizing immigrants to stay in the United States knowing those documents were procured by means of a false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained.

I will now explain to you in detail the immigration offense alleged as the object of the conspiracy charged in the Indictment.  I will then instruct you on the second element of conspiracy, namely, that the defendant knowingly and willfully joined the conspiracy.

Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instrs. 19-4 and 19-9; the charge of the Hon. Robert P. Patterson, <u>United States</u> v. <u>Liying Lin</u>, 12 Cr. 938 (RPP) (S.D.N.Y. 2014); the charge of the Hon. Richard J. Sullivan in <u>United States</u> v. <u>Peirce</u>, 06 Cr.

9

1032 (S.D.N.Y. 2008), <u>see also</u> <u>United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); <u>United States</u> v. <u>Montour</u>, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators.  Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal") (citations omitted); <u>United States</u> v. <u>Rubin</u>, 844 F.2d 979, 983-84 (2d Cir. 1988) (generally discussing proof of agreement).

**REQUEST NO. 7**

**<u>Conspiracy To Commit Immigration Fraud</u>**

**<u>First Element: Existence Of The Conspiracy</u>**

**<u>The Object Of The Conspiracy – Immigration Fraud Elements</u>**

I will now address the object of the conspiracy alleged in the Indictment.  As I mentioned a moment ago, the object was to commit immigration fraud, in violation Title 18, United States Code, Section 1546, by obtaining documents authorizing immigrants to stay in the United States knowing those documents were procured by means of a false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained.  Specifically, section 1546 provides, in relevant part:

> Whoever . . . possesses, obtains, accepts, or receives any
> [immigrant or nonimmigrant] visa, permit, border crossing card,
> alien registration receipt card, or other document prescribed by
> statute or regulation for entry into or as evidence of authorized stay
> or employment in the United States, knowing it to . . . have been
> procured by means of any false claim or statement, or to have been
> otherwise procured by fraud or unlawfully obtained . . . [shall be
> guilty of immigration fraud.]

To sustain its burden of proof that the conspiracy charged in the Indictment existed and had immigration fraud as its object, the Government must prove beyond a reasonable doubt the following elements:

<u>First</u>, that a given defendant and at least one other person entered into an agreement to obtain a document, as alleged in the Indictment;

<u>Second</u>, that the document that defendant and at least one other person entered into an agreement to obtain was a document prescribed by statute or regulation as evidence of authorized stay or employment in the United States; and

11

Third, that at the time the agreement was entered, that defendant knew that the Form I-94, which is provided to an individual who has been granted political asylum by the United States Bureau of Citizenship and Immigration Services, was to be procured by means of a false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained.

A document is prescribed by statute or regulation as evidence of authorized stay in the United States if under the laws or regulations of the United States having such a document allows an individual to stay legally in the United States when otherwise it would be illegal for that individual to be present in the United States.  I instruct you as a matter of law that a Form I-94 is a document prescribed by statute or regulation as evidence of authorized stay or employment in the United States.

A statement or representation is "false" or "fictitious" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement or representation is "fraudulent" if it was untrue when made and was made or caused to be made with the intent to deceive the government agency to which it was submitted.

I will explain to you in a moment what it means to do an act "knowingly" and "willfully."

Adapted from Sand et al., Modern Federal Jury Instructions, Instrs. 47-1 through 47-5, 36-12; the charge of the Hon. Robert P. Patterson, United States v. Liying Lin, 12 Cr. 938 (RPP) (S.D.N.Y. 2014).

12

## REQUEST NO. 8

### Conspiracy To Commit Immigration Fraud

### Second Element:  Membership In The Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, then you must next determine the second question:  Whether the defendant you are considering participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

In this regard, what the Government must prove beyond a reasonable doubt is that the defendant knowingly and willfully entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

### "Willfully," And "Knowingly" Defined

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident or carelessness.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you have before you the evidence of certain acts, conversations, and statements alleged to involve the defendant and others.  The Government contends that these acts, conversations, and statements show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy.

It is not necessary for the Government to show that the defendant was fully

13

informed as to all of the details of the conspiracy in order for you to infer knowledge on her part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants.  It is not even necessary that the defendant knew every other member of the conspiracy.  Nor is it necessary that the defendant received any monetary benefit from participating in the conspiracy, or had a financial stake in the outcome.  It is enough if the defendant participated in the conspiracy willfully, and knowingly, as I have defined those terms.

The duration and extent of the defendant's participation in the alleged conspiracy has no bearing on the issue of the defendant's guilt.  The defendant need not have joined the conspiracy at the outset.  She may have joined it at any time – at the beginning, in the middle, or at the end.

Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.  In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant you are considering, with an understanding of the unlawful

14

nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy

for the purpose of furthering an illegal undertaking.  That defendant thereby becomes a knowing

and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is

accomplished or there is some affirmative act of termination by its members.  So, too, once a

person is found to be a member of a conspiracy, he or she is presumed to continue membership

in the venture until its termination, unless it is shown by some affirmative proof that the person

withdrew and disassociated from the conspiracy.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instrs.
> 19-6, 3A-1, 3A-3; the charge of the Hon. Robert P. Patterson,
> United States v. Liying Lin, 12 Cr. 938 (RPP) (S.D.N.Y. 2014);
> and the charge of the Hon. Richard J. Sullivan in United States v.
> Peirce, 06 Cr. 1032 (S.D.N.Y. 2008); see also United States v.
> Aleskerova, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing
> manner in which Government may show participation in
> conspiracy with required state of mind); Rea, 958 F.2d at 1214
> ("The defendant's knowledge of the conspiracy and participation
> in it with the requisite criminal intent may be established through
> circumstantial evidence.  A defendant need not have joined a
> conspiracy at its inception in order to incur liability for the
> unlawful acts of the conspiracy committed both before and after he
> or she became a member."); United States v. Miranda-Ortiz, 926
> F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof
> required to show membership in conspiracy), cert. denied, 112 S.
> Ct. 347 (1991); United States v. Maldonado-Rivera, 922 F.2d 934,
> 960 (2d Cir. 1990) (same), cert. denied, 111 S. Ct. 2858 (1991).

## REQUEST NO. 9

### Conspiracy To Commit Immigration Fraud

### Third Element: Overt Act

The third element of Count One is the requirement of an overt act.  To sustain its burden of proof with respect to the conspiracy charged in the Indictment, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators -- not necessarily a defendant -- in the Southern District of New York.  Again, I instruct you as a matter of law that Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties fall within the geographic boundaries of the Southern District of New York.

The purpose of the overt act requirement is clear.  There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of that conspiracy.

The Indictment contains a section entitled "overt acts."  These "overt acts" are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objectives of the conspiracy.  The overt acts alleged are as follows:

*[The Court is respectfully requested to read the "overt acts" section of Count One of the Indictment.]*

You may find that overt acts were committed that are not alleged in the Indictment.  The only requirement is that one of the members of the conspiracy -- again, not necessarily a defendant -- has taken some step or action in furtherance of the conspiracy in the Southern District of New York during the life of that conspiracy.

16

In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators in order to further that conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment.  Nor do you need to find that the defendant committed any of the overt acts alleged.  It is sufficient for the Government to show that one of the alleged co-conspirators knowingly committed some overt act in furtherance of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the times alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an objective of the conspiracy.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instrs. 19-7 and 19-8; the charge of the Hon. Robert P. Patterson, United States v. Liying Lin, 12 Cr. 938 (RPP) (S.D.N.Y. 2014); and the charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (S.D.N.Y. 2008).

17

## REQUEST NO. 10

### Conspiracy To Commit Immigration Fraud

### Time of Conspiracy

The Indictment alleges that the conspiracy existed from in or about 2007 through in or about 2012.  It is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence. Similarly, an overt act need not have been committed at precisely the time alleged in the Indictment.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr.
> 3-12;  the charge of the Hon. Robert P. Patterson, United States v.
> Liying Lin, 12 Cr. 938 (RPP) (S.D.N.Y. 2014); and the charge of
> the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032
> (S.D.N.Y. 2008).

**REQUEST NO. 11**

**Count One: Conspiracy To Commit Immigration Fraud**

**Conscious Avoidance**

*[If Applicable]*

As I explained, the Government is required to prove that the defendant acted knowingly.  In determining whether the defendant acted knowingly, you may consider whether a given defendant deliberately closed his or her eyes to what otherwise would have been obvious.

If you find that the defendant was aware of a high probability that the object of the conspiracy was to violate federal law, but that the defendant acted with deliberate disregard of that fact, you may find that a given defendant acted knowingly.  The law calls this "conscious avoidance."  However, if you find that that defendant actually believed that he or she and her co-conspirators were acting in a lawful manner, he or she may not be convicted of the charge in Count One.

A person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he or she deliberately avoided learning explicitly what was obvious anyway, that person did not actually know the incriminating fact.

I want to be very clear about what this means and does not mean with respect to the conspiracy charged in the Indictment.

First, there is a difference between knowingly participating in the conspiracy and knowing the objects of the conspiracy.  "Conscious avoidance," as I have described it, cannot be used as a basis for finding that the defendant knowingly joined the conspiracy.  It is logically impossible for a defendant to join the conspiracy unless he or she knows the fact that the

19

conspiracy exists.  However, if you find beyond a reasonable doubt that the defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately avoided confirming an otherwise obvious fact, that the purpose of the partnership he or she joined was to commit immigration fraud.

If you find beyond a reasonable doubt that the defendant you are considering was aware that there was a high probability that his or her co-conspirators' objective was to commit immigration fraud, but that that defendant deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendant in question actually believed that the defendant and her co-conspirators were acting in a lawful manner.

Again, the last point is important.  The necessary knowledge on the part of the defendant regarding the object of the conspiracy cannot be established by showing that a defendant was merely careless or negligent or stupid or foolish, or that he or she should have known what was going on.  If a given defendant actually believed that the conspiracy was about something else entirely, or if he or she was merely foolish, careless or even reckless about the risk that he or she was wrong, then you cannot find that defendant guilty.  Conscious avoidance can only be established where the defendant deliberately decided not to confirm a key fact, when it was obvious or highly probable that the fact was true.  One may not willfully and intentionally remain ignorant of important facts in order to escape the consequences of the criminal laws.

If you find that a given defendant was aware of a high probability that the object of the conspiracy was to violate federal law, and that that defendant acted with deliberate disregard of these facts, you may find that that defendant acted knowingly.  However, if you find

20

that the defendant you are considering actually believed that the object of the conspiracy was

lawful, that defendant may not be convicted.

> Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr.
> 3A-2; and the charges given by the Hon. Robert P. Patterson,
> <u>United States</u> v. <u>Liying Lin</u>, 12 Cr. 938 (RPP) (S.D.N.Y. 2014) and
> the Hon. John F. Keenan in <u>United States</u> v. <u>Rohan Cameron</u>, 03
> Cr. 1457 (JFK) (2004).  <u>See also</u>, <u>United States</u> v. <u>Hopkins</u>, 53
> F.3d 533, 542 (2d Cir. 1995) ("A conscious-avoidance charge is
> appropriate when (a) the element of knowledge is in dispute, and
> (b) the evidence would permit a rational juror to conclude beyond
> a reasonable doubt that the defendant was aware of a high
> probability of the fact in dispute and consciously avoided
> confirming that fact.") (citations and internal quotation marks
> omitted); <u>United States</u> v. <u>Feroz</u>, 848 F.2d 359, 360 (2d Cir. 1988)
> (per curiam) ("[K]nowledge of the existence of a particular fact is
> established (1) if a person is aware of a high probability of its
> existence, (2) unless he actually believes that it does not exist.").

## REQUEST NO. 12

### Venue

In addition to all the elements of the charged crimes that I have described for you, you must decide whether any act in furtherance of the charged crime occurred within the Southern District of New York, which includes all of Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

With respect to the conspiracy charged in the Indictment, the Government need not prove that the crime was itself committed in the Southern District of New York or that a particular defendant was actually present here. It is sufficient if any act in furtherance of the charged conspiracy occurred within this District. The act need not be a criminal act. The act need not be taken by any defendant or a co-conspirator, as long as the act is caused by the conduct of a defendant or a co-conspirator or is reasonably foreseeable.

As to the venue requirement, and the venue requirement only, the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime you are considering for a particular count occurred in the Southern District of New York.

If you find that the Government has failed to prove this venue requirement as to any count, then you must acquit the defendant on that count.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 3-11; and the charges given by the Honorable Shira A. Scheindlin in United States v. Vasilvesky, 08 Cr. 902 (SAS) (S.D.N.Y. 2009); and by the Honorable Robert P. Patterson in United States v. Carlo, 04 Cr. 805 (RPP) (S.D.N.Y. 2005); see also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

22

**REQUEST NO. 13**

**Use Of Recordings And Transcripts**

The Government has offered evidence in the form of recordings of conversations involving the defendants, which were obtained without the defendant's knowledge, but with the consent and agreement of a person who was a party to the conversations. Whether you approve or disapprove of the recording of these conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved the defendant's guilt beyond a reasonable doubt.

Some of the recordings were mainly or entirely in Mandarin. For that reason, it was necessary for the Government to obtain translations of those conversations into English. The Government distributed transcripts of the Mandarin language conversations. The transcripts of those conversations embody the testimony of the Mandarin interpreter [*If applicable*:  whose testimony was set forth in a stipulation]. These transcripts were admitted in evidence. I instruct you that it is the English translation of the conversation reflected on the transcript that is the evidence.

> Adapted from the charge given by the Hon. Robert P. Patterson, United States v. Liying Lin, 12 Cr. 938 (RPP) (S.D.N.Y. 2014); the charge of the Hon. Sidney H. Stein in United States v. Castrillon, 01 Cr. 192 (SHS) (S.D.N.Y. 2001); and the charge of the Hon. Michael B. Mukasey in United States v. Moyhernandez, 97 Cr. 197 (MBM) (S.D.N.Y. 2000). See also Sand et al., Modern Federal Jury Instructions, Instrs. 5-9 and 5-10.

23

**REQUEST NO. 14**

**<u>Cooperating Witness Testimony</u>**

You have heard from witnesses who have testified that they were involved in criminal conduct, and who subsequently pled guilty their criminal conduct pursuant to what is called a "cooperation agreement" with the Government.

Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted participating in crimes.  The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such cooperating witnesses is properly considered by the jury. If cooperating witnesses could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of cooperating witness testimony. Indeed, it is the law in federal courts that the testimony of a single cooperating witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with care and caution.  The fact that a witness is a cooperating witness can be considered by you as bearing upon his or her credibility.

24

It does not follow, however, that simply because a person has admitted to participating in one or more crimes, that he or she is incapable of giving truthful testimony.

Like the testimony of any other witness, cooperating witness testimony should be given the weight that it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his or her background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You heard testimony about agreements between the Government and the cooperating witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a particular witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this cooperating witness would benefit more by lying, or by telling the truth. Was the witness's testimony made up in any way because he believed or hoped to somehow receive favorable treatment by testifying falsely? Or did the witness believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause the witness to lie, or was it one that would cause the witness to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it. If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

25

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-5; the charges given by the Hon. Robert P. Patterson, United States v. Liying Lin, 12 Cr. 938 (RPP) (S.D.N.Y. 2014); the charge of the Hon. John F. Keenan in United States v. Carrero, 91 Cr. 365 (S.D.N.Y. 1991); and from the charge in United States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972) (specifically approving charge set forth in footnote). See also United States v. Gleason, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and United States v. Cheung Kin Ping, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).

## REQUEST NO. 15

### Accomplice Testimony – Guilty Plea

You have heard testimony from Government witnesses who have pleaded guilty to charges arising in part out of the same facts that are at issue in this case.  You are instructed, however, that you are to draw no conclusions or inferences of any kind about the guilt of the defendant merely from the fact that a prosecution witness pleaded guilty to similar charges.  The decision of that witness to plead guilty was a personal decision that witness made about that witness's own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

> Adapted from Sand, et al. Modern Federal Jury Instructions, Instr. 7-110.  See United States v. Ramirez, 973 F.2d 102, 104-106 (2d Cir. 1992) (specifically approving charge and holding that is reversible error no tto give charge if requested, unless there is no significant prejudice to the defendant.

27

## REQUEST NO. 16

### Informal Immunity Of Government Witnesses

You have heard the testimony of witnesses who have been promised that in exchange for testifying truthfully, completely, and fully, they will not be prosecuted by the Government for any crimes which they may have admitted either here in court or in interviews with the prosecutors. This promise was not a formal order of immunity by the court, but was arranged directly between the witness and the Government.

The Government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given. You are instructed that you may convict the defendant on the basis of such a witness's testimony alone, if you find that such testimony proves the defendants guilty beyond a reasonable doubt.

However, the testimony of a witness who has been promised that he or she will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon a defendant in order to further the witness's own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his or her testimony.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 7-9.

28

## REQUEST NO. 17

### Law Enforcement and Government Employee Witnesses

You have heard the testimony of law enforcement agents and employees of the Government.  The fact that a witness may be employed by the federal government or a state or city government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

Adapted from the charges of the Hon. Robert P. Patterson, United States v. Liying Lin, 12 Cr. 938 (RPP) (S.D.N.Y. 2014); and the Hon. Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000).

29

**REQUEST NO. 18**

**<u>Defendant's Right Not to Testify</u>**

*[If requested by the defendant]*

The defendant(s) *[read all that apply:* FENG LING LIU, VANESSA

BANDRICH, SHURAN LIU, YUCHANG MIAO, RUI YANG, GUO QIN MIAO, and SHU

FENG XIA], did not testify in this case.  Under our Constitution, a defendant has no obligation

to testify or to present any evidence, because it is the Government's burden to prove the

defendant guilty beyond a reasonable doubt.  That burden remains with the Government

throughout the entire trial and never shifts to the defendant.  A defendant is never required to

prove that he or she is innocent and that is due to the defendant being presumed to be innocent.

You may not attach any significance to the fact that a given defendant did not

testify.  No adverse inference against the defendant may be drawn by you because she did not

take the witness stand.  You may not consider this against the defendant in any way in your

deliberations in the jury room.

Sand et al., Modern Federal Jury Instructions, Instr. 5-21.

30

**REQUEST NO. 19**

**Defendant's Testimony**

*[Requested Only if Defendant Testifies]*

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, [*read all that apply:* FENG LING LIU, VANESSA BANDRICH, SHURAN LIU, YUCHANG MIAO, RUI YANG, GUO QIN MIAO, and SHU FENG XIA], did testify and was subject to cross-examination like any other witness.  You should examine and evaluate [his/her] testimony just as you would the testimony of any witness in the case.

You should not disregard or disbelieve the defendant's testimony simply because [he/she] is charged as a defendant in this case.  Moreover, the fact that [he/she] has chosen to testify does not shift the burden of proof from the Government to [him/her], the defendant.  The Government is still required to prove the defendant's guilty beyond a reasonable doubt.  That burden never shifts.

See United States v. Brutus, 505 F.3d 80, 87-88 & n. 7 (2d Cir. 2007); Herndon v. United States, 359 Fed. Appx. 241, 244 (2d Cir. 2010).

31

**REQUEST NO. 20**

**<u>Character Testimony</u>**

*[If Applicable]*

You have heard testimony that [read name of defendant who has offered such testimony] has a good reputation for honesty and truthfulness in the community where [he/she] lives and works.  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if based on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that the defendant previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe the defendant is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant.  [*If applicable*: Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]  The guilt or innocence of the defendant is for you alone to determine, and your decision should be based on all the evidence you have heard in the case.

> Adapted from Sand et. al, <u>Modern Federal Jury Instructions</u>, Instr. 5-15; and the charge in <u>United States</u> v. <u>Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge and stating that defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

## REQUEST NO. 21

## **Uncalled Witnesses: Equally Available Or Unavailable to Both Sides**

*[If Applicable]*

There are people whose names you heard during the course of the trial but who did not appear to testify.  [*If applicable*:  One or more of the attorneys has referred to their absence from the trial.]  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 6-7.

33

## REQUEST NO. 22

### **Persons Not On Trial**

You may not draw any inference, favorable or unfavorable, toward the Government or the defendants from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of the Hon. Henry F. Werker in United States v. Barnes, 77 Cr. 190 (S.D.N.Y. 1977).

## REQUEST NO. 23

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about witnesses meeting with lawyers before testifying so that the witnesses can be aware of the subjects they will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Hon. Michael B. Mukasey in United States v. Abdul Latif Abdul Salam, 98 Cr. 208 (MBM) (S.D.N.Y. 1999); and the charge of the Hon. John G. Koeltl in United States v. Brooks, 99 Cr. 1027 (S.D.N.Y. 1999).

**REQUEST NO. 24**

**Particular Investigative Techniques Not Required**

*[If Applicable]*

You have heard reference, in the arguments and cross-examination of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

> Adapted from the charge of the Hon. Robert P. Patterson, United States v. Liying Lin, 12 Cr. 938 (RPP) (S.D.N.Y. 2014); the charge of the Hon. John F. Keenan in United States v. Medina, 91 Cr. 894 (JFK) (S.D.N.Y. 1992), and the charge of the Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992).

36

**REQUEST NO. 25**

**Charts and Summaries – Admitted As Evidence**

[*If Applicable*]

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

Sand et al., Modern Federal Jury Instructions, Instr. 5-12.

37

## REQUEST NO. 26

## Charts And Summaries – Not Admitted As Evidence

*[If Applicable]*

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct, independent evidence; they are summaries of the evidence. They are admitted as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents. The charts are not to be considered by you as direct proof of anything. They are merely graphic demonstrations of what the underlying testimony and documents are.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based. To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.

> Adapted from Sand et al., Modern Federal Jury Instructions, Instr. 5-13; and the charge of the Hon. Kevin Thomas Duffy in United States v. Castellano, 84 Cr. 63, aff'd in part and rev'd in part, 811 F.2d 47 (2d Cir. 1987).

38

**REQUEST NO. 27**

**<u>Stipulations</u>**

*[If Applicable]*

In this case, you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, a person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the weight to be given that testimony.

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 5-6 and 5-7.

**REQUEST NO. 28**

**Each Defendant To Be Considered Separately**

There are seven defendants on trial before you. Each has been charged with the same crime. You must return a separate verdict of guilty or not guilty for each defendant.

In reaching your verdict, bear in mind that guilt is personal and is individual. Your verdict must be based solely upon the evidence about each defendant. The case against each defendant stands or falls upon the proof or lack of proof against that defendant alone and your verdict as to any defendant should not influence your decision as to any other defendant.

Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 3-7.

## REQUEST NO. 29

### Sympathy: Oath As Jurors

Under your oath as jurors you are not to be swayed by sympathy or prejudice.

You are to determine the guilt or innocence of each defendant solely on the basis of the evidence

and subject to the law as I have charged you.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 2-12
> and from the charge of the Hon. Irving Kaufman in United States
> v. Davis, aff'd, 353 F.2d 614 (2d Cir. 1965).

## REQUEST NO. 30

### Improper Considerations: Race, Religion, National Origin, Sex, or Age

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  In reaching your decision as to whether the Government sustained its burden of proof, it would be improper for you to consider any personal feelings – positive or negative – you may have about the race, religion, national origin, sex, or age of any of the defendants or any of the witnesses involved in this case.  It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision-making process.

The defendants are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Adapted from the charge given by the Hon. Richard J. Sullivan in
United States v. Beltran, 07 Cr. 804 (RJS) (S.D.N.Y. 2008).

42

**REQUEST NO. 31**

**Punishment Not To Be Considered By The Jury**

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon any defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations.  The duty of imposing sentence is mine and mine alone.  Your function is to weigh the evidence and to determine whether the Government has established the guilt of each defendant beyond a reasonable doubt on the basis of the evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

Adapted from the charges of the Hon. Edward Weinfeld in United States v. Bruswitz, aff'd, 219 F.2d 59, 62-63 (2d Cir. 1955); and the Hon. Harold L. Tyler in United States v. Natelli, 74 Cr. 43 (S.D.N.Y. 1974).

43

## REQUEST NO. 32

### <u>Conclusion</u>

Your function now is to weigh the evidence in this case and to determine whether the Government has proven, beyond a reasonable doubt, that FENG LING LIU, a/k/a "Karen," VANESSA BANDRICH, SHURAN LIU, a/k/a "Harry," YUCHANG MIAO, a/k/a "David," RUI YANG, "a/k/a "Rachel," a/k/a "Sunny," GUO QIN MIAO, a/k/a "Lillian," and SHU FENG XIA, a/k/a "Kevin," are guilty of the crime charged in the Indictment.

You must base your verdict solely on the evidence in this case and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Please remember, you are not partisans.  You are judges – judges of the facts – not representatives of a constituency or cause.  Your sole interest is to seek the truth from the evidence in this case.

If you are divided, do <u>not</u> report how the vote stands, and, if you have reached a verdict, do <u>not</u> report what it is until you are asked in open court.

44

Remember that your verdict must be rendered based solely on the evidence, without fear, without favor, and without prejudice or sympathy.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Adapted from the charge of the Honorable Arnold Bauman in United States v. Soldaro, 73 Cr. 167 (S.D.N.Y. 1973).  See also United States v. Corr, 75 Cr. 803 (S.D.N.Y. 1970).

Dated:      New York, New York
            March 3, 2014

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York


                    By:      _____/s/_____
                              ROBERT L. BOONE
                              PATRICK EGAN
                              REBECCA MERMELSTEIN
                              Assistant United States Attorneys
                              212-637-2360/2208/2345
                              *Counsel for the United States*