USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/18/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| - v. - | : | PROTECTIVE ORDER |
| FENG LING LIU,<br>    a/k/a "Karen,"<br>VANESSA BANDRICH,<br>SHURAN LIU,<br>    a/k/a "Harry,"<br>YUCHANG MIAO,<br>    a/k/a "David,"<br>RUI YANG,<br>    a/k/a "Rachel,"<br>    a/k/a "Sunny,"<br>GUO QIN MIAO,<br>    a/k/a "Lillian," and<br>SHU FENG XIA,<br>    a/k/a "Kevin,"<br><br>                     Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 12 Cr. 934 (RA) |

- - - - - - - - - - - - - - - - - - - x

RONNIE ABRAMS, District Judge:

  WHEREAS, the United States of America has provided in unredacted form certain documents pursuant to Rule 16 of the Federal Rules of Criminal Procedure("Rule 16"), which contain and/or reflect personal identification information (including but not limited to names, addresses. social security numbers, alien numbers, and dates of birth); and

  WHEREAS, the Government seeks to introduce certain of these documents as exhibits at trial;

  WHEREAS, the Government desires to protect the confidential information contained in the materials it produces

pursuant to Rule 16(d)(1);

WHEREAS, all of the defendants, through their counsel, do not object to the entry of this Order;

IT IS HEREBY ORDERED:

1. The asylum applications produced in discovery on disks marked Bandrich & Assc Asylum Applications 1 of 3 through 3 of 3 and Moslemi & Assc Asylum Applications 1 of 9 through 9 of 9; and the asylum applications marked Government Exhibits 500 through 525, shall be covered by this protective order ("Protected Documents").

2. Documents deemed Protected Documents:

(a) Shall be used by the defendant and his or her counsel only for purposes of the defense of this action;

(b) Shall not be duplicated by the defendant except for purposes of the defense of this action;

(c) Shall be kept and maintained by the defendant in a secure container and location;

(d) Shall not be disclosed in any form by the defendant or his or her counsel except as set forth in paragraph 2(e) below;

(e) May be disclosed by the defendant or his or her counsel only to the following persons (hereinafter "Designated Persons"):

(i) investigative, secretarial,

clerical, and paralegal student personnel employed full-time or part-time by the defendant's counsel;

(ii) independent expert witnesses, investigators, or advisors retained by the defendant's counsel in connection with this action;

(iii) other prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel, for trial preparation;

(iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant; and

(f) Shall be returned to the Government following the conclusion of the trial of the above-referenced action or upon the defendant's sentencing, as the case may be, and any all copies made of said material shall be shredded, erased, and/or destroyed, as the case may be.

~~(g) Any exhibits which are Protected Documents may be used as Exhibits at trial, but shall be filed under seal.~~

3. The defendants and their counsel shall provide a copy of this Order to Designated Persons to whom they disclose Protected Documents pursuant to paragraph 2(e). Prior to disclosure of Protected Documents to Designated Persons, pursuant to paragraph 2(e), any such Designated Person shall agree to be subject to the terms of this Order by signing a copy hereof and stating that they

"Agree to be bound by the terms herein," and providing such copy to the defendant's counsel. However, defendants and their counsel need not obtain signatures from any member of the defense team (i.e., attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), all of whom are nonetheless bound by this Protective Order.

    4.    The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court (or their staff) for purposes of the above-referenced action.

Dated:    New York, New York
             March 18, 2014

SO ORDERED:

_____
HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

If the confidential personal identification information contained in the asylum applications is not relevant to the issues at trial, the parties are directed to use redacted documents rather than attempting to file them under seal. See Fed. R. Crim. P. 49.1(a). If the information is relevant, the parties may file the originals under seal but are directed to submit redacted versions for the public record. See Fed. R. Crim. P. 49.1(d). See also Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006) ("[A] strong presumption of access attaches" to judicial documents.); Application of Nat'l Broad. Co., Inc., 635 F.2d 945, 952 (2d Cir. 1980) ("[T]here is a presumption in favor of public inspection and copying of any item entered into evidence at a public session of a trial.").