E37QxiaP                    Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA

              v.                        12 CR 934 (RA)

SHU FENG XIA,

                    Defendant
------------------------------x

                                        New York, N.Y.
                                        March 7, 2014
                                        5:00 p.m.


Before:

                    HON. RONNIE ABRAMS

                                        District Judge


                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
PATRICK EGAN
     Assistant United States Attorney

JOSHUA L. DRATEL
     Attorney for Defendant


-also present-

Patsy Ong - Mandarin Interpreter

E37QxiaP                          Plea

1           (In open court; case called)

2           THE DEPUTY CLERK:  Counsel, please state your name for

3    the record.

4           MR. EGAN:  Patrick Egan for the government.  Good

5    afternoon, your Honor.

6           THE COURT:  Good afternoon.

7           MR. DRATEL:  Good afternoon, your Honor.  Joshua

8    Dratel for Mr. Xia who is standing beside me.

9           THE COURT:  Good afternoon, Mr. Dratel.  Good

10   afternoon, Mr. Xia.  Do you need another minute?

11          The first thing we are going to do today is I am going

12   to arraign you on the superseding indictment.  Have you read

13   the superseding indictment?  It's the most recent version of

14   the written charges against you.  Have you reviewed that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Just try and speak into the microphone if

17   you can.  Has it been translated for you?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Have you discussed it with your attorney?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Do you want me to read it out loud here in

22   court, the charges, or do you waive its public reading?

23          THE DEFENDANT:  It's not necessary.

24          THE COURT:  Do you understand that you are charged

25   with conspiracy to commit immigration fraud in violation of 18

1    United States Code, Section 371?

2              THE DEFENDANT:  Yes.

3              THE COURT:  You may be seated.

4              If you are having any trouble understanding my

5    questions —— I would like to note for the record that a

6    translator is interpreting for you.  If you having any trouble

7    understanding my questions either because of the interpretation

8    or for any other reason, please let me know.  OK?

9              THE DEFENDANT:  Yes.

10             THE COURT:  I think actually we swore in this

11   interpreter once before, but why don't we do it for purposes of

12   this proceeding as well.

13             (Interpreter sworn)

14             THE COURT:  I understand that you wish to enter a plea

15   of guilty today.  Is that correct?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Before deciding whether to accept your

18   guilty plea, I am going to ask you certain questions.  It's

19   very important that you answer those questions honestly and

20   completely.  The purpose of these proceedings is to make sure

21   that you understand your rights, to decide whether you are

22   pleading guilty of your own free will, and to make sure that

23   you are pleading guilty because you are guilty and not for some

24   other reason.  Do you understand that?

25             THE DEFENDANT:  I understand.

E37QxiaP                         Plea

1          THE COURT:  Ms. Cavale, could you swear in the

2     defendant, please?

3          (Defendant sworn)

4          THE COURT:  Do you understand that you are now under

5     oath, and that if you answer any of my questions falsely, you

6     may be prosecuted for perjury based on any false answers?

7          THE DEFENDANT:  I understand.

8          THE COURT:  How old are you, sir?

9          THE DEFENDANT:  I was born in 1967.  I believe I am

10    47.

11         THE COURT:  How far did you go in school?

12         THE DEFENDANT:  I finished middle school.

13         THE COURT:  Have you ever been treated or hospitalized

14    for any mental illness?

15         THE DEFENDANT:  No.

16         THE COURT:  Have you ever been addicted to drugs or to

17    alcohol?

18         THE DEFENDANT:  No.

19         THE COURT:  Are you now or have you recently been

20    under the care of a doctor or a psychiatrist?

21         THE DEFENDANT:  No.

22         THE COURT:  Have you taken any drugs, medicine, pills

23    or drunken any alcoholic beverages in the past 24 hours?

24         THE DEFENDANT:  No.

25         THE COURT:  Is your mind clear today?

E37QxiaP                         Plea

1                    THE DEFENDANT:  Yes.

2                    THE COURT:  Do you understand what's happening here in

3     court in these proceedings?

4                    THE DEFENDANT:  I understand.

5                    THE COURT:  Mr. Dratel, have you discussed this matter

6     with your client?

7                    MR. DRATEL:  I have, your Honor.

8                    THE COURT:  Is he capable of understanding these

9     proceedings?

10                   MR. DRATEL:  Yes, your Honor.

11                   THE COURT:  Dose understand the rights he would be

12    waiving by pleading guilty?

13                   MR. DRATEL:  Yes, your Honor.

14                   THE COURT:  Does either counsel have any doubt as to

15    the defendant's competence to plead guilty at this time?

16                   MR. EGAN:  No, your Honor.

17                   MR. DRATEL:  No, your Honor.

18                   THE COURT:  On the basis of Mr. Xia's responses to my

19    questions, my observations of his demeanor here in court, and

20    representations of counsel, I find the defendant is fully

21    competent to enter an informed plea of guilty at this time.

22                   Have you had enough time and opportunity to discuss

23    your case with your attorney, Mr. Xia?

24                   THE DEFENDANT:  Yes.

25                   THE COURT:  Have you discussed with him the charges

1    and any possible defenses you might have to the charge?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Have you discussed with your attorney all

4    the facts about your involvement in this matter?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Has he informed you of the consequences of

7    pleading guilty?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Are you satisfied with your attorney's

10   representation of you?

11             THE DEFENDANT:  Yes.

12             THE COURT:  Now, what I am going to do is I am going

13   to explain certain Constitutional rights that you have to you,

14   the rights that you will be giving up if you enter a guilty

15   plea.  So please listen carefully to what I am about to say.

16   Again, if you don't understand something, either your attorney

17   or I will explain the matter more fully.

18             Under the Constitution and laws of the United States,

19   you have a right to plead not guilty to the charges in the

20   indictment.  Do you understand that?

21             THE DEFENDANT:  Yes.

22             THE COURT:  If you did plead not guilty, you would be

23   entitled under the Constitution to a speedy and public trial by

24   jury of those charges.  Do you understand that?

25             THE DEFENDANT:  I understand.

1          THE COURT:  At that trial, you would be presumed to be

2    innocent, and the government would be required to prove you

3    guilty beyond a reasonable doubt before you could be found

4    guilty.  That means that you would not have to prove that you

5    are innocent, and you could not be convicted unless a jury of

6    12 people agreed unanimously that you are guilty beyond a

7    reasonable doubt.  Do you understand that?

8          THE DEFENDANT:  I understand.

9          THE COURT:  At that trial and at every stage of your

10   case, you would be entitled to be represented by an attorney.

11   If you could not afford one, one would be appointed at public

12   expense free of cost to represent you.  Do you understand that?

13         THE DEFENDANT:  I understand.

14         THE COURT:  During a trial, the witnesses for the

15   prosecution would have to come to court and testify in your

16   presence where you could see them and hear them, and your

17   lawyer could cross-examine those witnesses, and if you wanted

18   to, your lawyer could offer evidence on your behalf.  You would

19   be able to use the Court's power to compel witnesses to come to

20   court and testify in your defense even if they didn't want to

21   come to court.  Do you understand that?

22         THE DEFENDANT:  I understand.

23         THE COURT:  At a trial, you would have the right to

24   testify if you wanted to, but you would also have the right not

25   to testify.  And if you chose not to testify, that could not be

1    used against you in any way.  No inference or suggestion of

2    guilt could be made from the fact that you did not testify.  Do

3    you understand that?

4              THE DEFENDANT:  I understand.

5              THE COURT:  If you were convicted at a trial, you

6    would have the right to appeal that verdict to a higher court.

7    Do you understand that?

8              THE DEFENDANT:  I understand.

9              THE COURT:  As I said before, you have the right to

10   plead not guilty.  Even right now as you sit here for purposes

11   of entering a guilty plea, you have the right to change your

12   mind, to persist in your not guilty plea, and to go to trial.

13   But if you do plead guilty, and I accept your plea, you will be

14   giving up your right to trial and the other rights that go with

15   it that I have just described.  If you plead guilty, there will

16   be no trial.

17             All that will remain to be done is for the Court to

18   impose sentence.  I will enter a judgment of guilty and

19   sentence you on the basis of your guilty plea after considering

20   whatever submissions I get from you, your attorney and the

21   government, as well as a presentence report prepared by the

22   probation department.  There will be no appeal with respect to

23   whether the government could use the evidence it has against

24   you or with respect to whether you did or did not commit this

25   crime.  Do you understand that?

1          THE DEFENDANT:  I do.

2          THE COURT:  If you plead guilty, do you understand

3   that you will also give up your right not to incriminate

4   yourself since I will ask you questions about what you did in

5   order to satisfy myself that you are guilty as charged.  Do you

6   understand that?  Yes?

7          THE DEFENDANT:  I understand.

8          THE COURT:  Are you willing to give up your right to

9   trial and the other rights I just described to you?

10          THE DEFENDANT:  Yes.

11          THE COURT:  You said before that you read the

12   indictment containing the charge against you.  As I understand

13   it, you intend to plead guilty to Count One, the sole count of

14   the indictment.  Is that correct?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Mr. Egan, could you please state the

17   elements of the offense in question?

18          MR. EGAN:  Yes, your Honor.

19          To prove this charge at trial, the government would

20   have to prove the following three elements:

21          First, that the defendant entered into an agreement

22   with at least one other person as to obtain a document as

23   alleged in the indictment.

24          Second, that the defendant, and at least one other

25   person, that the document that they entered into an agreement

E37QxiaP                    Plea

to obtain was a document prescribed by statute or regulation as

evidence of an authorized stay or employment in the United

States.

        And, third, that at the time that the agreement was

entered into, the defendant knew that the form I-94, which is

the document I described in element two, which was to be

provided to the individual who had been granted political

asylum by the U.S. Bureau of Citizenship and Immigration

Services, was to be procured by means of false claim or

statement or to have otherwise been procured by fraud or

unlawfully obtained.

        THE COURT:  Mr. Xia, do you understand if you were to

go to trial, the government would have to prove those elements

beyond a reasonable doubt?

        THE DEFENDANT:  I didn't quite understand that.

        THE COURT:  The elements that the prosecutor read, the

government would have to prove those elements beyond a

reasonable doubt if you went to trial.  Do you understand that?

        THE DEFENDANT:  Yes, I understand.

        THE COURT:  Now, I am going to tell you about the

maximum penalties for this crime.  The maximum penalty means

the most that could possibly be imposed.  It doesn't mean it's

the sentence you will necessarily receive, but you have to

understand that by pleading guilty, you are exposing yourself

to the possibility of receiving any combination of punishments

E37QxiaP                          Plea

1    up to the maximums that I am about to describe.  Do you

2    understand that?

3              THE DEFENDANT:  Yes.

4              THE COURT:  First, with regard to your liberty, the

5    maximum term of imprisonment for this crime is five years in

6    prison, which could be followed by up to three years of

7    supervised release.  Do you understand that?

8              THE DEFENDANT:  I understand.

9              THE COURT:  Supervised release means that if you are

10   sentenced to prison, after you are released from prison, you

11   will be subject to the supervision of the probation department.

12   There will be rules of supervised release that you have to

13   follow, and if you violate those rules, you can be returned to

14   prison without a jury trial to serve additional time.  Do you

15   understand that?

16             THE DEFENDANT:  I understand.

17             THE COURT:  You should also understand that parole has

18   been abolished in the federal system, and that if you are

19   sentenced to prison, you will not be released early on parole,

20   although there is a limited opportunity to earn credit for good

21   behavior.  Do you understand that?

22             THE DEFENDANT:  I understand.

23             THE COURT:  In addition to these restrictions on your

24   liberty, the maximum punishment also includes certain financial

25   penalties.  The maximum allowable fine is $250,000 or twice the

E37QxiaP                     Plea

<pre>
 1   gain you received from the crime or twice the loss, whichever
 2   is greater.  And I am also required to impose a mandatory
 3   special assessment of $100.  Do you understand that?
 4               THE DEFENDANT:  I understand.
 5               THE COURT:  In addition, I must order restitution to
 6   any persons or entities injured as a result of your criminal
 7   conduct.  The indictment also includes a forfeiture allegation
 8   in which the government asserts that you are required to
 9   forfeit to the United States all property, real and personal,
10   that constitutes or derives from proceeds traceable to the
11   commission of the offense, including, but not limited to, a sum
12   of United States currency representing the amount of proceeds
13   obtained as a result of the offense.  Do you understand that
14   these are the maximum penalties for Count One?
15               THE DEFENDANT:  I understand.
16               THE COURT:  In addition to these, there are also other
17   consequences that may result from a plea of guilty or any
18   conviction for a felony.  Are you a United States citizen?
19               THE DEFENDANT:  I'm not.
20               THE COURT:  No.  So you should then understand that as
21   a result of your guilty plea, you may be deported from the
22   United States; and in certain circumstances, deportation may be
23   mandatory.  Do you understand that?
24               THE DEFENDANT:  Yes.
25               THE COURT:  Did you discuss the possible immigration
</pre>

E37QxiaP                       Plea

1    consequences of your plea with your attorney?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Is the defendant being prosecuted in any

4    other cases in the state or federal system?

5              MR. DRATEL:  Not to my knowledge, your Honor.

6              THE COURT:  In imposing sentence, Mr. Xia, federal

7    judges are required to consider the recommendations of the

8    Federal Sentencing Guidelines.  The guidelines are a

9    complicated set of rules for determining an appropriate

10   sentence.  Judges must pay attention to the Sentencing

11   Guidelines in determining a sentence, but, in the end, the

12   judge is required to give the sentence that she believes best

13   satisfies the purposes of the criminal law even if that is

14   higher or lower than a guideline sentence or guidelines

15   recommendation.  Have you discussed the Sentencing Guidelines

16   with your attorney?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you understand that the guidelines are

19   only recommendations to the Court?

20             THE DEFENDANT:  Yes.

21             THE COURT:  So, in this case, the government has

22   written a letter to your lawyer, Mr. Dratel, in which the

23   prosecutors explain how they think the Sentencing Guidelines

24   will apply to this case.  That letter says that they believe

25   that the guidelines will provide for a sentence between 24 and

E37QxiaP                    Plea

1   30 months imprisonment.  Have you discussed this letter that's

2   dated February 11, 2014 with your attorney?

3             THE DEFENDANT:  Yes.

4             THE COURT:  This letter, which we call a Pimentel

5   letter, based on a case United States v. Pimentel, is just the

6   prosecutor's present opinion.  So, you should understand that

7   the prosecutors can change their mind, and even if they don't,

8   in the end, the sentence is up to me.

9             When I review the guidelines, I am going to review it

10  based on the probation department, I am going to consider what

11  the lawyers argue, but ultimately I may come to a different

12  conclusion, and I may think that the case justifies a higher or

13  lower sentence than the usual one provided by the guidelines.

14  So that letter does not represent any guarantee or promise that

15  your sentence will be within this 24 to 30 month range.  Do you

16  understand that?

17            THE DEFENDANT:  I understand.

18            THE COURT:  In fact, you should understand that if

19  your attorney or anyone else has attempted to predict what your

20  sentence would be, that they could be wrong.  I'm telling you

21  that because no one -- not your attorney, not the prosecutor,

22  not even I can -- know for sure now what your sentence will be

23  because that sentence can't be determined until I receive the

24  presentence report, until I have decided what the correct

25  calculation of the range recommended by the Sentencing

E37QxiaP                          Plea

1    Guidelines is, and whether there is any basis for not following

2    that recommendation.  So even if your sentence is different

3    from what your attorney or anyone else has predicted, even if

4    it is different from what you've expected, once you've pleaded

5    guilty, you will not be allowed to withdraw your plea.  Do you

6    understand that?

7              THE DEFENDANT:  I understand.

8              THE COURT:  Has anyone made any promise to you or

9    offered you any inducement to plead guilty?

10             THE DEFENDANT:  No.

11             THE COURT:  Has anyone threatened, bribed or forced

12   you to plead guilty?

13             THE DEFENDANT:  No.

14             THE COURT:  Has anyone made a promise to you as to

15   what your sentence will be?

16             THE DEFENDANT:  No.

17             THE COURT:  Now that you have been advised of the

18   charges against you and the possible penalties you face and the

19   rights you are giving up, is it still your intention to plead

20   guilty to this charge of Count One of the indictment?

21             THE DEFENDANT:  Yes.

22             THE COURT:  So, how do you plead to that charge?

23             THE DEFENDANT:  I did not understand that.

24             THE COURT:  Do you plead guilty or not guilty to that

25   charge, Count One of the indictment?

E37QxiaP                        Plea

1            THE DEFENDANT:  Guilty.

2            THE COURT:  Now, tell me in your own words what you

3    did that makes you believe that you are guilty of that charge.

4            THE DEFENDANT:  I coached some clients of our clients

5    whether it was based on falun gong or based on religion how to

6    interview at the immigration department.

7            THE COURT:  When you say you coached them, what do you

8    mean by that?

9            THE DEFENDANT:  Well, just how the clients were to

10   describe -- how the clients were to describe how they were --

11   how they belonged to falun gong or how they were persecuted in

12   China when they were a church member.

13           THE COURT:  Were you coaching them to be honest or

14   dishonest?

15           THE DEFENDANT:  To be dishonest.

16           THE COURT:  Did you do this with other people?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Did you enter into an agreement with other

19   people to do this, to engage in this conduct?

20           THE DEFENDANT:  Could you please explain that?

21           THE COURT:  You are charged with conspiracy, with the

22   crime of conspiracy to commit immigration fraud.  In a

23   conspiracy, you have to agree with another person to enter an

24   unlawful agreement with another person.  You have to knowingly

25   and willfully become a member of a conspiracy.  Yes?

1          MR. DRATEL:  I think also -- just that the agreement

2    doesn't have to be express or explicit.  It can be tacit or

3    understood among the parties.

4          THE COURT:  That is true.

5          Did you agree with other people to engage in this

6    conduct, to coach these people about how to interview at the

7    immigration department?

8          THE DEFENDANT:  Yes.

9          THE COURT:  When did you do this?

10         THE DEFENDANT:  It was the fall of 2007.  I'm sorry.

11   It was the fall of 2010 -- 2011.

12         THE COURT:  2011.  And where were you?  Where did you

13   do these things?

14         THE DEFENDANT:  At the Bandrich law firm.

15         THE COURT:  Was the Bandrich law firm in Manhattan?

16         THE DEFENDANT:  Yes.

17         THE COURT:  And the clients you mentioned, were they

18   clients of the Bandrich law firm?

19         THE DEFENDANT:  Yes.

20         THE COURT:  When you did these things, did you know

21   that what you were doing was wrong and illegal?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Mr. Egan, are there any additional

24   questions you'd like me to ask?

25         MR. EGAN:  Your Honor, it may already be clear, but to

E37QxiaP                        Plea

1    the extent it's not, just to inquire that the purpose of this

2    coaching was to ultimately have these people be granted asylum.

3              THE COURT:  Is that true, Mr. Xia?  What was the

4    purpose of this coaching?

5              THE DEFENDANT:  It was to help them obtain legal

6    status.

7              MR. EGAN:  That's fine.

8              THE COURT:  All right, Mr. Egan?

9              And the coaching, I believe you said earlier, was to

10   have them be dishonest in their interview with the immigration

11   authorities.  Is that correct?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Anything else, Mr. Egan?

14             MR. EGAN:  That's fine, your Honor.

15             THE COURT:  Could you summarize what the government's

16   evidence would be if the defendant were to go to trial.

17             MR. EGAN:  Yes, your Honor.

18             If the case had proceeded to trial, the government,

19   through witness testimony, consensually recorded phone calls,

20   and documents would have proven that from in or about 2007

21   onward, a law firm known as Feng Ling Liu Law Firm filed

22   approximately more than a thousand fraudulent asylum

23   applications wherein applicants who had not suffered

24   persecution would, with the assistance of the law firm, file an

25   application claiming that they had suffered persecution on the

E37QxiaP                          Plea

1   basis of falun gong Christianity or China's family planning

2   policy.

3           People at the law firm would look at someone's sort of

4   demographic category, assign them a claim without talking to

5   them and then fill out an application with a made-up story of

6   persecution.

7           As the defendant indicated in his allocution, the role

8   of the defendant in this was -- once people were getting ready

9   for their interview -- to coach them on how to stick to their

10  answer, stick to their false story, and, therefore, succeed in

11  their asylum application.

12          The law firm that he worked for was an offshoot --

13  Feng Ling Liu's law firm in order to evade detection split into

14  two law firms creating the Bandrich and Associates which was a

15  law firm that engaged in the same practices that Feng Ling Liu

16  had, and that's the firm the defendant worked at.

17          THE COURT:  Thank you.

18          Do both counsel agree there is a sufficient factual

19  predicate for a guilty plea?

20          MR. EGAN:  Yes, your Honor.

21          MR. DRATEL:  Yes, your Honor.

22          THE COURT:  Mr. Dratel, do you know of any valid

23  defense that would prevail at trial?

24          MR. DRATEL:  No, your Honor.

25          THE COURT:  Does either counsel know of any reason I

E37QxiaP                    Plea

1    should not accept the defendant's plea of guilty?

2              MR. EGAN:  No, your Honor.

3              MR. DRATEL:  No, your Honor.

4              THE COURT:  Mr. Xia, because you acknowledge that you

5    are in fact guilty as charged in the indictment, because I am

6    satisfied that you understand your rights, including your

7    rights to go to trial, and that you are aware of the

8    consequences of your plea, including the sentence that may be

9    imposed, because I find that you are knowingly and voluntarily

10   pleading guilty, I accept your guilty plea and enter a judgment

11   of guilty on Count One of the indictment.

12             The probation department will want to interview you in

13   connection with a presentence report that it will prepare.

14   Does defense counsel wish to be present for any such interview?

15             MR. DRATEL:  Yes, your Honor.

16             THE COURT:  I order it not take place without your

17   presence.

18             MR. DRATEL:  Thank you.

19             THE COURT:  If you choose to speak to the probation

20   department, please make sure that everything you say is

21   truthful and accurate.  I will read the presentence report very

22   carefully.  It will be important to me in deciding what

23   sentence to impose.  So if you see any errors in it, call them

24   to your lawyer's attention, and he will call them to my

25   attention before or at the time of sentencing.

1          The sentencing is scheduled for?

2          THE DEPUTY CLERK:  July 11, 2014 at 11:30 a.m.

3          THE COURT:  The government shall provide the probation

4   office with its factual statement within seven days.

5          Defense counsel must arrange for defendant to be

6   interviewed by the probation department within the next two

7   weeks.

8          I would like to refer counsel to my individual rules

9   and practices for criminal cases available on the court website

10  which contains some rules regarding sentencing submission.  In

11  accordance with these rules, defense submissions are due two

12  weeks prior to sentencing.  The government's submissions are

13  due one week prior to sentencing.

14         Is there any objection to continuing the present bail

15  conditions?

16         MR. EGAN:  Not from the government, your Honor.

17         THE COURT:  Do either of the lawyers have any reason

18  to believe that Mr. Xia is likely to flee or pose a danger to

19  the safety of the community if released?

20         MR. EGAN:  No, your Honor.

21         MR. DRATEL:  No, your Honor.

22         THE COURT:  I find by clear and convincing evidence

23  that Mr. Xia is not likely to flee or pose a danger to safety

24  of any other person of the community if released.

25         Please know that the conditions upon which you are

E37QxiaP                        Plea

1    released up to now continue to apply, and any violation of

2    those conditions could have serious consequences, including

3    revocation of your bail or prosecution for bail jumping.

4              Do you understand that?

5              THE DEFENDANT:  I understand.

6              THE COURT:  In particular, you must be in this court

7    for sentencing on the date we just set, or, if it's adjourned,

8    at that future date because if you do not show up for

9    sentencing as required, you may be found guilty of the separate

10   crime of bail jumping.  Do you understand that?

11             THE DEFENDANT:  I understand.

12             THE COURT:  Thank you.

13             Are there any further applications?

14             MR. EGAN:  Not from the government, your Honor.

15             MR. DRATEL:  No, your Honor.  Thank you.

16             THE COURT:  Thanks.  Have a good weekend.

17             (Adjourned)

18

19

20

21

22

23

24

25