UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
                             :

UNITED STATES OF AMERICA         [PROPOSED]
                           :       PRELIMINARY ORDER
       -v.-                    OF FORFEITURE
                           :       12 Cr. 934 (RA)
FENG LING LIU
  a/k/a "Karen,"             :
VANESSA BANDRICH,
SHURAN LIU,                  :
  a/k/a "Harry," et al.,
YUCHANG MIAO,              :
  a/k/a "David,"
RUI YANG,
  a/k/a "Rachel,"           :
  a/k/a "Sunny,"
GUO QIN MIAO,              :
  a/k/a "Lillian,"
SHU FENG XIA,              :
  a/k/a "Kevin,"
FENG LI, and               :
WEN TING ZHENG
                Defendants    :
-----------------------------------x

      WHEREAS, on or about December 12, 2012, FENG LING LIU,

a/k/a "Karen," VANESSA BANDRICH, SHURAN LIU, a/k/a "Harry," YUCHANG

MIAO, a/k/a "David," RUI YANG, a/k/a "Rachel," a/k/a "Sunny," GUO

QIN MIAO, a/k/a "Lillian," and SHU FENG XIA, a/k/a "Kevin" (together,

the "Defendants") were charged in a one-count Indictment, 12 Cr. 934

(RA) (the "Indictment"), with conspiracy to commit immigration

fraud, in violation of 18 U.S.C. § 371 (Count One);

      WHEREAS, the Indictment included a forfeiture allegation,

seeking forfeiture to the United States, pursuant to 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461(c), of all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the Indictment, including but not limited to, a sum in United States currency representing the amount of proceeds obtained as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about December 18, 2012, law enforcement agents seized $25,368.00 in United States currency from the Bandrich Office, located at 11 East Broadway, 4-D, New York, New York (the "Seized Currency");

WHEREAS, on or about February 4, 2014, defendant WEN TING ZHENG pled guilty to Count One of the Indictment;

WHEREAS, on or about February 25, 2014, the remaining defendants were charged in a one-count Superseding Indictment, S2 12 Cr. 934 (RA) (the "Superseding Indictment"), with conspiracy to commit immigration fraud, in violation of 18 U.S.C. § 371 (Count One);

WHEREAS, the Superseding Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the Superseding Indictment, including but not limited to, a sum in United States currency representing the amount of proceeds obtained as a

2

result of the offense charged in Count One of the Superseding Indictment;

WHEREAS, On February 27, 2014, the Government filed a Forfeiture Bill of Particulars identifying the following property as being subject to forfeiture as a result of the offense described in the Superseding Indictment:

a.    64-14 48th Avenue, Flushing, NY 11377, Block 2338, Lot 26; 173 Bowen Road, Carmel, NY 10512;

b.    175 Bowen Road, Carmel, NY 10512;

c.    177 Bowen Road, Carmel, NY 10512;

d.    181 Bowen Road, Carmel, NY 10512;

e.    59-46 156th St, Flushing, NY 11355, Block 6733, Lot 61;

f.    75-40 162nd Street, Fresh Meadows, NY 11366, Block 6835, Lot 22;

g.    100-05 40th Road, Corona, NY 11368, Block 1609, Lot 42;

h.    138-27 64th Avenue, Flushing, NY 11367, Block 6399, Lot 48;

i.    982 Halsey Street, Brooklyn, NY 11207, Block 3408, Lot 13; and

j.    984 Halsey Street, Brooklyn, NY 11207, Block 3408, Lot 14

3

(collectively, the "Real Properties");

WHEREAS, On or about March 7, 2014, defendants SHU FENG XIA and SHURAN LIU pled guilty to Count One of the Superseding Indictment;

WHEREAS, On March 14, 2014, the Court signed a Post-Indictment Restraining Order restraining the defendants in the above-captioned matter from engaging in the transfer, sale, assignment, pledge, hypothecation, encumbrance, dissipation or movement of the following assets

a.   Any and all funds held in Bank of America NA account numbered 483037367430, held in the name of Fengling Liu Sole Proprietor dba Fengling Liu Attorney at Law;

b.   Any and all funds held in Bank of America NA account numbered 483037368578, held in the name of Fengling Liu Sole Proprietor dba Fengling Liu Attorney at Law; and

c.   Any and all funds held in JP Morgan Chase Bank NA account numbered 476174722, held in the name of Moslemi and Associates Inc.

(collectively, the "Bank Accounts");

WHEREAS, On March 14, 2014, the Government filed a Second Forfeiture Bill of Particulars identifying the Bank Accounts as property subject to forfeiture as a result of the offense described in Count One of the Superseding Indictment (together, the Seized

4

Currency, the Real Properties and the Bank Accounts, are referred to below as the "Subject Property");

WHEREAS, on or about March 18, 2014, defendant YUCHANG MIAO and GUO QIN MIAO pled guilty to Count One of the Superseding Indictment;

WHEREAS, on or about April 14, 2014, the defendants FENG LING LIU, VANESSA BANDRICH and RUI YANG were found guilty, following a jury trial, as to Count One of the Superseding Indictment

WHEREAS, pursuant to 21 U.S.C. § 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.   As a result of the offenses charged in Count One of the Indictment and in Count One of the Superseding Indictment, a money judgment in the amount of $16,100,000.00 in United States currency (the "Money Judgment") shall be entered against the defendant.

2.   As a result of the offenses charged in Count One of the Indictment and Count One of the Superseding Indictment, all of the defendants' right, title and interest in the Subject Property is hereby forfeited to the United States for disposition in

accordance with the law, subject to the provisions of 21 U.S.C. § 853.

3.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, this Order is final as to each of the defendants and shall be deemed part of the sentence of the defendants, and shall be included in the judgments of conviction therewith.

4.    Upon entry of this Preliminary Order of Forfeiture, the United States Marshals Service (or its designee) is authorized to seize the Subject Property and hold the Subject Property in its secure custody and control.  Upon specific written direction by the United States Marshals Service, or its designee, to be provided at the sole discretion of the United States Marshals Service, or its designee, Bank of America NA and/or JPMorgan Chase Bank NA, as applicable, must:

a.    Liquidate some or all of the Bank Accounts by converting the contents to cash; and/or

b.    Transfer the contents of Bank Accounts to the Seized Asset Deposit Fund (to be held pending the issuance of a Final Order of Forfeiture); and/or

c.    provide to the United States Marshals Service (or its designee) any and all records, including account statements and subsidiary documentation supporting any transactions listed, from the time of restraint pursuant to this Order until the final liquidation of the Bank Accounts.

d.    provide to the United States Marshals Service:

I.    Annual Financial Statements for the last

5 years - audited/reviewed preferred, including Opinion, Notes to Financial Statements, and Supplementary Information;

ii. Quarterly financial statements for the last 2 fiscal years, and current year to date;

iii. General Ledger - Detailed and summary for the last 2 fiscal  years, and current year to date;

iv. Trial balances - monthly for the last 2 fiscal years, and current year to date;

v. Organization chart of affiliate business entities listing percentage owned and accounting method used;

vi. Personnel Organization chart identifying key management personnel;

vii. Listing of office, retail and warehouse locations;

viii. Fixed assets schedule including Plant, Property and Equipment;

ix. Listing of other real estate assets and related debt;

x. Listing of intangible assets (patents, copyright, trademarks) and related amortization; for patents and copyrights, include grant date and  remaining useful life;

xi. Operating Agreements;

xii. Buy-Sell Agreements;

xiii. Franchise  Agreements (if applicable);

xiv. Articles of  Organization;  Partnership

Agreements; Articles of Incorporation as appropriate to the entity type;

xv. Equity transactions relating to ownership purchases/sales/transfers within the last 5 years including price per share/unit and related valuation reports;

xvi. Current 5 Year Financial Forecast and Business Plan, including projected capital expenditures

5. Upon entry of this Preliminary Order of Forfeiture, the financial institutions holding any of the Bank Accounts shall:

a. Take no offset against Bank Accounts;

b. Continue to credit any deposits, interest, dividends, capital gains distributions, or other credits to Bank Accounts, all of which shall be subject to this Order;

c. Upon receiving notice of this order, promptly inform the United States Marshals Service as to the value of Bank Accounts at the time of notice, and thereafter direct regular, periodic account statements be to be sent to the United States Marshals Service; and

d. Provide copies of Forms 1099, Schedules K-1, or other tax reporting correspondence to the United States Marshals Service upon request.

6. Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture. Any person, other than the

defendant in this case, claiming an interest in the Subject Property
must file a petition within sixty (60) days from the first day of
publication of the notice on this official government internet site,
or no later than thirty-five (35) days from the mailing of actual
notice, whichever is earlier.

7.   This notice shall state that the petition shall be
for a hearing to adjudicate the validity of the petitioner's alleged
interest in the Subject Property, shall be signed by the petitioner
under penalty of perjury, and shall set forth the nature and extent
of the petitioner's right, title and interest in the Subject Property
and any additional facts supporting the petitioner's claim and the
relief sought, pursuant to 21 U.S.C. § 853(n).

8.   Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules
of Criminal Procedure, the Government shall send notice to any person
who reasonably appears to be a potential claimant with standing to
contest the forfeiture in the ancillary proceeding.

9.   Upon adjudication of all third-party interests, this
Court will enter a Final Order of Forfeiture with respect to the
Subject Property pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2)
of the Federal Rules of Criminal Procedure, in which all third-party
interests will be addressed.

10.  All payments on the outstanding Money Judgment
shall be made by postal money order, bank or certified check, made

payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

11.   Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

12.   Any proceeds obtained by the United States through sale of the Subject Property shall off-set against any balance of the Money Judgment then outstanding.

13.   The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

13.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

14.   The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, Chief, Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York

_____, 2014

SO ORDERED:

_____
HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE