**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 28, 2014

**BY ECF AND EMAIL**
The Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

>        Re:    **United States of America v. Shu Feng Xia, a/k/a "Kevin"**
>               **12 Cr. 934 (RA)**

Dear Judge Abrams:

        The Government respectfully submits this letter in response to the Court's August 26, 2014 Order.  As set forth in further detail below, neither Rule 37 of the Federal Rules of Criminal Procedure, nor any other provision of law, permits the Court to reopen the defendant's sentencing proceedings or otherwise modify the defendant's sentence.  The Court may elect to treat the defendant's letter as a habeas petition.  Prior to doing so, however, the Court should inform the defendant that he is entitled to file only a single habeas petition and should inquire whether the defendant would prefer to wait until the resolution of his pending appeal to pursue any habeas relief.  In order to so inform the defendant and to resolve the issue of the defendant's representation, the Government respectfully suggests that the Court schedule a conference in this matter.

Background

        On March 7, 2014, the defendant pleaded guilty, without the benefit of a plea agreement, to the sole count of superseding indictment S2 12 Cr. 934 (RA), which charged him with conspiring to commit immigration fraud, in violation of Title 18, United States Code, Section 371.  In advance of the defendant's sentencing, defense counsel submitted a 26 page letter urging the Court to (i) find that the applicable Guidelines range was lower than that set forth in the PSR; and (ii) impose a non-incarceratory sentence.  In support of a non-incarceratory sentence, defense counsel placed great weight on the defendant's limited role in the offense, his strong familial relationships, and the sentences imposed on other related defendants.  Defense counsel also focused heavily on the fact that [t]he collateral consequences of [the defendant's] incarceration [would] extend well beyond what the average prisoner might reasonably expect" because of the "certainty of his deportation."  (Def. Ltr. at 16).  In response, the Government

submitted a letter urging the Court to (i) adopt the Guidelines range set forth in the PSR; and (ii) to impose a sentence within those Guidelines of 27 to 33 months.

On August 8, 2014, the parties appeared for sentencing. The Court found that the Government had only proven the defendant's involvement in 25 to 99 fraudulent applications and that, accordingly, the applicable Guidelines range was 18 to 24 months. The Court recognized that the defendant had commendable personal characteristics and that he was likely to suffer the collateral consequence of deportation as a result of his conviction. Nonetheless, the Court determined that an incarceratory sentence was necessary because the defendant had committed a serious crime and because a significant sentence was necessary to effectuate the sentencing goal of general deterrence.

On August 12, 2014, the judgment was issued. Defense counsel filed a notice of appeal the same day. On August 18, 2014, the defendant filed a letter (i) seeking to fire his attorney and proceed pro se; and (ii) asking the Court to consider certain sentencing arguments that the defendant believed his attorney should have made. In the alternative, the defendant asked the Court to modify his sentence from a year and a day to 10 months in order to avoid mandatory deportation.[1] On August 26, 2014, the Court ordered the Government to advise the Court of its position regarding the defendant's letter, including "(i) the appropriate response in light of Fed. R. Crim. P. 37 and any other applicable law and (ii) the merits of any arguments asserted therein."

Discussion

Federal Rule of Criminal Procedure 37 provides, in pertinent part, that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may, defer considering the motion, deny the motion; or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The Advisory Committee Notes to Rule 37 explain that, "[i]n the criminal context, the Committee anticipates that Criminal Rule 37 will be used primarily if not exclusively for newly discovered evidence motions under Criminal Rule 33(b)(1) . . . reduced sentence motions under Rule 35(b), and motions under 18 U.S.C. § 3582(c) . . . Rule 37 applies only when those rules [governing the relationship between trial and appellate courts] deprive the district court of authority to grant relief without appellate permission."

Rule 37 is thus inapplicable to the present case because this Court's lack of jurisdiction arises not from the existence of a pending appeal but from the general rules governing the finality of sentencing proceedings. Except in very limited circumstances, a district court lacks jurisdiction to reconsider or modify an already imposed sentence. The only avenues for reconsideration of a sentence by a district court are Federal Rules of Criminal Procedure 35 and 36 and Title 18, United States Code, Section 3582(c). See United States v. Spallone, 399 F.3d 415, 421 (2d Cir.2005). None serves as a valid basis for relief here. Rule 36, which governs

---

[1] Even if the Court could modify the sentence as requested – a modification to which the Government would object – it is not at all clear that the formally shorter sentence would change the likelihood of the defendant's deportation. See, 8 U.S.C. 1227.

2

clerical errors, is inapplicable on its face.  Section 3582(c), which permits sentence modification (i) upon a motion by the Director of the Bureau of prisons in very limited circumstances; and (ii) based on subsequent reductions by the Sentencing Commission to an applicable Guideline, is similarly inapplicable here.

Rule 35 is similarly unavailing. Rule 35 permits a court to "correct a sentence that resulted from arithmetical, technical or other clear error."  Fed. R. Crim. P. 35.  Changes to a sentence under Rule 35 must be made "[w]ithin 14 days after sentencing," where the 14-day period begins to run upon "the oral announcement of sentence."  Fed. R. Crim. P. 35(a), (c). Because the time period provided in Rule 35(a) is jurisdictional, "a district court lacks jurisdiction to correct a sentence after the fourteen-day period set forth in Rule 35(a) has expired, even where the motion seeking relief is timely filed."  United States v. Sarvestani, 297 F.R.D. 228, 229 (S.D.N.Y. 2014) (citing United States v. Abreu-Cabrera, 64 F.3d 67, 73 (2d Cir. 1995).

The Second Circuit has instructed that Rule 35(a) "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action...." Abreu–Cabrera, 64 F.3d at 72 (quoting Fed. R. Crim. P. 35, Advisory Committee's Note, 1991); see, e.g., United States v. Donoso, 521 F.3d 144, 149 (2d Cir. 2008) (district court "properly relied on Rule 35(a) to recall [the defendant]'s case and ... correct [the] sentence" where the court "did not have the authority to direct that [the defendant]'s federal sentence run consecutively to his state sentence"); United States v. DeMartino, 112 F.3d 75, 81 (2d Cir. 1997) (district court's "impermissible deviation of the written judgment from the oral sentence ... was a 'clear error' [that] could have been corrected ... pursuant to Rule 35(c)...."); United States v. Waters, 84 F.3d 86, 90 (2d Cir. 1996) (district court "properly exercised its authority to correct its error ..., pursuant to Rule 35(c)[,]" where the court "fail[ed] to consider [the policy statements in Chapter 7 of the Guidelines] when sentencing [the defendant] for violating the terms of his supervised release").

In the present case, there was no arithmetical, technical or other clear error in the imposition of the defendant's sentence.  United States v. Cavera, No. 04-cr-410 (CPS), 2009 WL 2568601 at *2 (E.D.N.Y. August 19, 2009) (defendant's request that the court consider additional facts not raised at sentencing could not be considered under Rule 35).  Even if such error did exist, the defendant's sentence cannot be modified pursuant to Rule 35 because more than 14 days have passed since the defendant's sentencing on August 8, 2014.

At bottom, the defendant's letter argues that his counsel was ineffective for failing to make certain arguments at sentencing.  The Government cannot fully respond to the merits of the defendant's ineffective assistance claim without a more fulsome record.  A preliminary review of the defendant's complaints, however, strongly suggest that they are without merit.  The defendant principally argues that his attorney should have made the following arguments and/or brought the following facts to the Court's attention: (i) that the defendant did not enter the United States until April 2010, and did not begin working at the law firm until approximately June 2010; (ii) that pursuant to United States v. Archer, 671 F.3d 149, 162-65 (2d Cir. 2011), the Government was required to present specific evidence of the number of fraudulent applications and failed to do so; (iii) that there was no evidence showing that the Bandrich law firm was a

fraud mill; (iv) that other defendant's arrested in related cases were more culpable and more sophisticated than the defendant and that they received non-incarceratory or shorter jail sentences.

The record makes clear, however, that defense counsel did raise many of these arguments and that others of the arguments are without a factual basis.  Defense counsel's sentencing submission explicitly argued that the defendant was less culpable than his co-defendants and that a smaller number of fraudulent applications were attributable to him because "[h]e did not arrive in the U.S. until April 8, 2010" and did "join the Bandrich firm until July 2011." (Def. Ltr. 18). Defense counsel also explicitly argued that, pursuant to United States v. Archer, the Government was required to offer specific evidence regarding the number of fraudulent applications attributable to the defendant. (Def. Ltr. 18-20). Indeed, defense counsel succeeded in convincing the Court – over the Government's objection – that the defendant was responsible only for 25 to 99 fraudulent applications, rather than the 100 or more applications calculated by the PSR. Defense counsel did not specifically argue that the Bandrich law firm was not a fraud mill. Such an argument would have been unavailing, however, as this Court specifically found based on the trial and other evidence that there was "overwhelming" evidence that the law firms were fraud mills.  Finally, defense counsel explicitly argued that a non-incarceratory sentence was appropriate in light of the sentences received by other immigration fraud defendants in this District.  In doing so, defense counsel highlighted the fact that many of the defendants were lawyers or law firm owners and were thus more culpable than this defendant.  (Def. Ltr. 21-23).

Even if the defendant had a meritorious ineffective assistance claim – which he does not – such a claim can be addressed only through a motion pursuant to Title 28, United States Code, Section 2255 or, in limited circumstances, on direct appeal.[2] In light of the fact that the defendant is limited to filing a single 2255 petition, the Court should ascertain whether the defendant wants his letter converted to a 2255 petition, or whether he would prefer to reserve that petition until after the resolution of his appeal.[3]

---

[2] Ordinarily, "a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" of counsel. Massaro v. United States, 538 U.S. 500, 505 (2003).  When faced with a claim of ineffective assistance of counsel on direct appeal, however, the Second Circuit may: "(1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary fact finding; or (3) decide the claim on the record before" the Court, United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003), if its "resolution is beyond any doubt or to do so would be in the interest of justice." United States v. Khedr, 343 F.3d 96, 100 (2d Cir. 2003) (citation and internal quotation marks omitted).

[3] The Court may also wish simply to deny the defendant's requested relief or to hold any ruling on a 2255 in abeyance pending the resolution of the defendant's appeal because it is possible that any appeal will render the defendant's requested relief moot.

4

In order to address this issue with the defendant, as well as to ascertain whether he will proceed pro se, the Government respectfully suggests that the Court schedule a conference with the defendant and counsel to take place prior to October 10, 2014 (the date on which the defendant is scheduled to surrender to the Bureau of Prisons).

Respectfully submitted,

PREET BHARARA
United States Attorney

By:_____/s/_____
Rebecca Mermelstein
Patrick Egan
Robert L. Boone
Assistant United States Attorney
Southern District of New York
(212) 637-2360/2345/2208

Cc:   Joshua Dratel, Esq.
      Shu Feng Xia