```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF NEW YORK
                ------------------------------x

                UNITED STATES OF AMERICA,

                         v.                              12 CR 934 (RA)

                SHU FENG XIA,

                                   Defendant.

                ------------------------------x
                                                     New York, N.Y.
                                                     September 11, 2014
                                                     11:10 a.m.

                Before:

                                 HON. RONNIE ABRAMS,

                                                     District Judge


                                     APPEARANCES

                PREET BHARARA
                     United States Attorney for the
                     Southern District of New York
                REBECCA MERMELSTEIN
                     Assistant United States Attorney

                JOSHUA L. DRATEL
                     Attorney for Defendant

                ALSO PRESENT:    ROBERT SOLOWAY, CJA Attorney
                                 JOHN LAU, Mandarin Interpreter
```

1              (Case called)
2              MS. MERMELSTEIN:  Good morning, your Honor.  Rebecca
3    Mermelstein for the United States.  With me is an intern in our
4    office, Nolan Thomas.
5              MR. DRATEL:  Good morning, your Honor.  Joshua Dratel
6    for Mr. Xia.  Mr. Xia here as well, sitting beside me.
7              THE COURT:  And thank you for being here, Mr. Dratel.
8    And good morning to you, Mr. Xia, and good morning to you,
9    Mr. Soloway, as well.
10             MR. SOLOWAY:  Good morning, your Honor.
11             THE COURT:  I'd like the interpreter to be sworn in,
12   please.
13             (Interpreter sworn)
14             THE COURT:  Mr. Xia, if at any time you're having
15   trouble understanding what I'm saying or you want me to repeat
16   anything, please say so.  It's very important that you
17   understand what's said here in court today.  Okay?
18             As the parties are aware, on August 18, 2014, Mr. Xia
19   sent a letter to the Court, and I'm going to quote a portion of
20   it.  He said that I have decided to fire my lawyer and go pro
21   se from now on.  In his letter and in one additional piece of
22   correspondence sent on August 28, Mr. Xia asked that I
23   reconsider sentencing him or I consider resentencing him.
24   Mr. Xia was sentenced on August 8, and a judgment in this case
25   was entered on August 12.

1           Mr. Xia, the judgment is the last stage in a criminal
2    case before a district court.
3           This same day, August 12, Mr. Dratel filed a notice of
4    appeal.  Mr. Dratel represented Mr. Xia and remains his counsel
5    of record.
6           Mr. Xia, I know that you have indicated that you fired
7    Mr. Dratel.  In our legal system, a defendant's lawyer must
8    seek the Court's permission to withdraw at this stage, so
9    that's why Mr. Dratel is still here today.  But in light of
10   your apparent dissatisfaction with his performance, he has
11   asked permission to withdraw from representing you before this
12   Court.  He has also indicated that he will ask to withdraw
13   before the Court of Appeals.  But as I will explain, I'm going
14   to leave that to the Court of Appeals.  I have no involvement
15   in that process.
16          Now, I understand that you wish to represent yourself,
17   Mr. Xia.  Solely for purposes of today's conference, which will
18   be brief, I have asked for another lawyer who is on the CJA
19   panel, Mr. Soloway, who's behind you, to be present to assist
20   you if you have any questions here in court today.  If at any
21   time you don't understand what's happening or you want to
22   discuss something with him, you can still do it with Mr. Dratel
23   because he's your lawyer.  But if you would rather not and you
24   would rather ask Mr. Soloway a question, I'm going to let you
25   do that and that's why he's here.  Okay?  Like Mr. Dratel, he's

1    here at no cost to you.  So if at any time you'd like me to
2    pause in these proceedings and you would like to speak to
3    Mr. Soloway, let me know.
4              Do you understand?
5              THE DEFENDANT:  Yes.
6              THE COURT:  Now, I understand that you want me to
7    reconsider your sentence and I cannot do that.  And in order to
8    explain why I cannot do that, I'm going to summarize some cases
9    from the Court of Appeals which articulate the law in this area
10   and I'm going to read some case citations just in case you want
11   to look at those cases for yourself.
12             The Second Circuit has stated in very clear terms that
13   a Court may not resentence a defendant unless expressly
14   mandated by the Court of Appeals or pursuant to the strict
15   conditions established by Federal Rules of Criminal Procedure
16   35 or 36.  And I'm citing, meaning I'm getting this quotation
17   from a case called *U.S. v. Spallone*, 399 F.3d 415, 421.  It's
18   from the Court of Appeals for the Second Circuit from 2005.
19             So that's what the law is.  I have not been mandated
20   to do anything to your sentence by the Court of Appeals because
21   your appeal is still pending.  And the two rules in the Federal
22   Rules of Criminal Procedure for correcting a sentence address
23   situations in which there is a mathematical or technical or
24   clerical error, and that's not what you're arguing here.
25   You're arguing something more substantial.  So that's the first

1    problem with your request.
2              The second is that the law also says that a district
3    court -- that's what I am, I'm a district court judge -- loses
4    jurisdiction when a notice of appeal is filed.  The Supreme
5    Court told us that, and now I'm going to say another case name
6    in case you want to look at it.  In *Griggs v. Provident*
7    *Consumer Discount,* 459 U.S. 56, 58 (1982), jurisdiction simply
8    means the power to hear a case.  The law says that I will not
9    regain jurisdiction until the Second Circuit remands or sends
10   your appeal back to me after it has made its decision.  And I'm
11   going to cite just one more case, *United States v. Rivera*, 844
12   F.2d 916, 921, and that's the Second Circuit from 1988.
13             As you know and as I stated a minute ago, Mr. Dratel
14   filed a notice of appeal to the Court of Appeals, the Second
15   Circuit, on August 12, but the Second Circuit hasn't yet heard
16   your appeal, although it will do so.  So the bottom line is
17   that I don't have the power to decide your request to
18   resentence you until the Court of Appeals has decided your
19   appeal.  That means that the proper place to make these
20   arguments is before the Court of Appeals.  So that is the basic
21   law.
22             There's one notable exception to what I've said and
23   the government mentions it in their response letter.  I could
24   construe or read your letter as what we call a habeas or
25   Section 2255 petition.  Such a petition allows a person to

1   challenge his or her sentence on the basis that it's
2   unconstitutional or illegal, including because their lawyer was
3   ineffective.  You've made that argument, among others, in your
4   letter.
5           If I were to construe your letter as a 2255 petition,
6   that would not replace your appeal.  It would be in addition to
7   it.  So, you could ask me to consider your application as a
8   2255 motion.  However, courts have frowned upon hearing a 2255
9   petition while an appeal is pending.  In fact, absent a showing
10  that your petition is much more promising than your appeal, it
11  usually does not make sense for a district court to hear that
12  petition because compared to an appeal, a 2255 petition imposes
13  a tougher standard on you.
14          In addition, you do not have the right to a lawyer for
15  your 2255 petition, although you will have a right to have a
16  lawyer on your appeal.  Although Mr. Dratel has asked for
17  permission or will ask for permission to withdraw from your
18  appeal, the Court of Appeals can appoint a new lawyer for you
19  on your appeal.  You have that right.  But you don't have a
20  right to a lawyer on a 2255 petition.  You could ask for one
21  and I could consider that request, but you don't have a right.
22          You should also know though that even if I do consider
23  your letter as a 2255 or habeas petition on the merits now,
24  generally you only have one chance to file such a petition.  So
25  if I deem this such a petition now and you don't succeed, you

1   may not be able to file a second petition.  The law on this
2   case is complicated and I don't want to overwhelm you today
3   with too much information, but that's another factor for you to
4   consider.
5              So what I'm going to do, Mr. Xia, is I'm going to ask
6   you to write me a letter and inform me whether you would like
7   to proceed first with your appeal and then maybe if it's
8   unsuccessful, file a 2255 petition before me, or whether you
9   want me to consider the letter you submitted as a 2255 petition
10  now.  But if you want me to do it now before the appeal, you
11  should understand again that the Court of Appeals has suggested
12  that it's better practice to appeal first and then file a
13  habeas or 2255 petition.  And you should also understand that
14  you will likely only have one opportunity to file such a
15  petition.
16             So I wanted to bring you here today to let you know
17  that and explain it to you.  Would you like to take a minute
18  with Mr. Soloway and ask him to explain any of this to you?
19             THE DEFENDANT:  Yes.
20             THE COURT:  Why don't you do that.  I'll wait for you.
21  If Mr. Soloway needs a copy of the letter you submitted, we
22  have them here.
23             MR. SOLOWAY:  Thank you, Judge.  I have all the
24  papers.
25             THE COURT:  Thank you.  I appreciate you getting up to

1  speed in advance.  So why don't you do that.

2          (Pause)

3          THE DEFENDANT:  I'm sorry I delayed everybody a time.

4          THE COURT:  That's okay, Mr. Xia.

5          THE DEFENDANT:  Regarding the question you asked me, I
6  would like to take some time to discuss it over with my family.
7  Can you give me some time to come back?

8          THE COURT:  Yes.  How much time do you need?

9          THE DEFENDANT:  One week or so.

10          THE COURT:  That's fine.  So why don't you write me a
11  letter one week from tomorrow and let me know, again, if you
12  would like me to deem your letter a 2255 or habeas petition now
13  or not.  And, again, even if you say you don't want me to deem
14  it as that now, your case will go up on appeal.  It may be that
15  the Court of Appeals decides that I did something wrong at the
16  sentencing and sends it back to me.  I don't know what the
17  Court of Appeals will do.  In the event that they do not do
18  that, you'll still have the right to file that petition after
19  your appeal.  But if you ask me to deem your letter as such a
20  petition now and I decide it on the merits, you may not have
21  the opportunity to ever file such a petition again.  So, as
22  long as you understand that, I'll wait and I'll receive your
23  letter.  Okay?

24          I should have asked the government, is there anything
25  else you think I should advise Mr. Xia?

1               MS. MERMELSTEIN:  No, your Honor.
2               THE COURT:  Thank you.  Anyone else?  Mr. Dratel,
3    Mr. Soloway, that should be noted for the record?
4               MR. DRATEL:  Let me just confer with Mr. Soloway
5    rather than --
6               THE COURT:  Thank you.
7               THE DEFENDANT:  I have another request.
8               THE COURT:  Yes.
9               THE DEFENDANT:  Can you delay my surrender date?
10              THE COURT:  No.  I'm not going to delay your surrender
11   date.
12              THE DEFENDANT:  Then I don't have anything else.
13              THE COURT:  Thank you.
14              MS. MERMELSTEIN:  Can I get clarification for the
15   government.  Is Mr. Dratel relieved at this point?  Is
16   Mr. Soloway being appointed for some limited purpose?
17              THE COURT:  Because I don't think I have jurisdiction,
18   I don't think I should or that it would be appropriate for me
19   to relieve Mr. Dratel.  From my understanding, this is the last
20   proceeding.  Mr. Xia can proceed with regard to the 2255 pro se
21   because he's not entitled to a lawyer.
22              MR. DRATEL:  It's a new action.
23              THE COURT:  On appeal, of course, he's entitled to a
24   lawyer.  I understand you have or will file a motion to
25   withdraw, and I'll let the circuit deal with that process.  So

1   I know you requested permission to withdraw, but I don't think
2   I need to have a Faretta hearing or decide on that motion.
3           MR. DRATEL:  That's fine.
4           THE COURT:  Unless anyone disagrees.
5           MS. MERMELSTEIN:  No, that's fine, your Honor.
6           MR. DRATEL:  No, your Honor.  The only thing I would
7   like to add just so everybody is aware of it because I don't
8   know that Mr. Xia is focused on it, but he has a surrender date
9   of October 14.  I've received the letter from Bureau of Prisons
10  with the designation, which I have forwarded to Mr. Xia.  But
11  to the extent that this process somehow keeps going on, I just
12  want everybody to be aware of it in case he has to apply to
13  extend that.  But I don't think it's something to do right now.
14          THE COURT:  He just asked for an extension.  I denied
15  that request.
16          But let's just look at the date.  So I gave him until
17  September 19 to submit a letter.  His surrender date is --
18          MR. DRATEL:  14th of October.
19          THE COURT:  -- the 14th of October.  Again, whether or
20  not he would like me to consider a habeas petition now or not I
21  don't think affects the surrender date.  Does anyone disagree
22  with me about that?
23          MR. DRATEL:  I wasn't making an application.  I was
24  just sort of just putting it on the record for Mr. Xia.  I
25  didn't realize when I was speaking with Mr. Soloway that's what

1    he was raising with the Court.  Just so everybody is aware of
2    it in case for some reason that we haven't anticipated here
3    today that it becomes implicated as an issue.
4             THE COURT:  Thank you.
5             MS. MERMELSTEIN:  The government agrees with the
6    Court.
7             THE COURT:  I denied the request to put off the
8    surrender date because I don't think any of this affects the
9    surrender date in any way.  Okay?
10            So I'll get your letter next Friday.
11            Has the government ordered a transcript of this or
12   will you order a transcript of this?
13            MS. MERMELSTEIN:  I did order it.  I only ordered it
14   regular.
15            THE COURT:  Okay.  In any event, Mr. Dratel, did you
16   order a transcript?  I'd like to have the defendant get a
17   transcript of this proceeding.
18            MR. DRATEL:  This proceeding.
19            THE COURT:  Yes, so that he can think about it and
20   look at it.  I don't know who should do that.
21            MR. DRATEL:  I can do it.  If the government has
22   already done it as a matter of course, I don't know how it
23   works in terms --
24            MS. MERMELSTEIN:  I've done it, but I've only ordered
25   it regular delivery.  That means it comes within the month.

1    From the government's perspective, we don't need it urgently.
2             MR. DRATEL:  I'll order it expedited from the
3    reporter.  The Court obviously has to sign.
4             THE COURT:  If you could do that, I will of course
5    sign off on that.  And if you could get it to Mr. Xia, I'd
6    appreciate it.
7             I'm just making sure you get a copy of what was said
8    that the hearing here today, Mr. Xia.  Okay?
9             MR. SOLOWAY:  Judge, I know you said this, but just so
10   it's clear to Mr. Xia in terms of what your Honor indicated.
11            THE COURT:  Could you speak into the mike, please.
12            MR. SOLOWAY:  In terms of what your Honor indicated
13   about counsel, did you say to the defendant that as you
14   understood it, you really lacked jurisdiction to change his
15   lawyer at this level right now and that -- I just want to make
16   it clear to him that he it sounds like still has counsel,
17   Mr. Dratel, whose application in the Second Circuit will decide
18   the issue of whether or not substitute counsel comes into the
19   case.  And at this stage, it sounds like to the extent that he
20   would want to confer with counsel, I believe that would be
21   Mr. Dratel at this point until that changes, right?  I just
22   wanted him to be clear on that.
23            MR. DRATEL:  That he doesn't have standby counsel.
24            THE COURT:  I think that's right.  I guess the
25   question for you is do you have any thoughts on if we should do

1    that differently?  Again, Mr. Soloway, I asked you to come here

2    today because we all know the issues Mr. Xia has raised and I

3    wanted him to feel comfortable to talk to someone else.  But

4    there's no ongoing proceeding here.  You're not entitled to a

5    lawyer for 2255.  On the other hand, I do think it's in his

6    interest to have someone advise him on what makes sense to the

7    extent that he still has a lawyer or someone who can assist

8    him.

9             Do you have any suggestions to the Court in that

10   respect?

11            MR. SOLOWAY:  I don't know if I have a suggestion,

12   your Honor.  I mean if you wanted to assign me in some

13   capacity, I would certainly be happy to confer with him, to

14   meet with him to answer his questions.  In terms of the

15   authority for that, I'd say I don't really know.

16            THE COURT:  Let me ask it this way:  Does anyone have

17   an objection to Mr. Soloway being appointed as standby counsel

18   until I get this letter?  So it's basically over the course of

19   a week and a day that if Mr. Xia would like to consult you

20   about this process that he's entitled to do so.

21            MR. SOLOWAY:  I have no problem with that.  And I just

22   wanted him to be clear if that was going to be somehow your

23   ruling that he did have that access.

24            THE COURT:  I think that's right.  I'm not hearing any

25   objection, so we'll do that.

E9BLXIAC                    Conference

1            So, Mr. Xia, officially Mr. Dratel is still your
2    lawyer because this case is no longer before me for purposes of
3    sentencing and you're not entitled to a lawyer on a 2255.  As I
4    said, you are entitled to a lawyer on your appeal, but that's
5    not before me.  But because I want you to feel confident in the
6    decisions you make, I have asked Mr. Soloway to be standby
7    counsel to assist you if you have any questions in submitting
8    this letter to me.  What you decide to do on your appeal with
9    regard to a lawyer I will leave to you and leave to the Court
10   of Appeals to decide.  But Mr. Soloway can assist you in the
11   next week or so in submitting this letter.  Okay?
12           THE DEFENDANT:  I understand.
13           THE COURT:  Since we're all on the same page about
14   that I think that that's what we'll do.
15           Okay.  Thank you all.  Have a nice afternoon.
16                              o0o