```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 24 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
UNITED STATES OF AMERICA,          :
:                    12-cr-934-RA-9
:
                -v-                :                    ORDER
:
SHU FENG XIA, a/k/a "Kevin"        :
:
                        Defendant. :
:
-------------------------------------------------------------X

RONNIE ABRAMS, United States District Judge:

On September 11, 2014, the Court held a conference to discuss correspondence received from Defendant Shu Feng Xia after judgment had been entered in his case and after counsel for Mr. Xia had filed a notice of appeal. In his letters, Mr. Xia advised the Court that he had "decided to [fire] his lawyer" and that, proceeding *pro se*, he sought to have the Court reconsider his sentence, notwithstanding his pending appeal. (Dkt. 277 & 287.)

At the conference, the Court explained to Mr. Xia the general rule governing the finality of sentencing proceedings, the inapplicability in his circumstances of Rules 35 and 36 of the Federal Rules of Criminal Procedure, the jurisdictional significance of his having filed a notice of appeal, and the option of having his letter construed as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (Dkt. 314 at 4-6.)

Mindful that the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, places strict limits on an individual's ability to make multiple 2255 petitions, the Court cautioned Defendant that "if I deem [your letter] ... a [2255] petition now and you don't succeed, you may

1

not be able to file a second petition." (Dkt. 314 at 6-7.) See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) ("district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless … the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized").

The Court also explained to Mr. Xia that a 2255 petition "would not replace" his appeal but "would be in addition to it" and, further, that "courts have frowned upon hearing a 2255 petition while an appeal is pending." (Dkt. 314 at 6.) See United States v. Dukes, 727 F.2d 34, 41 (2d Cir. 1984) ("collateral attack is not a substitute for direct appeal and petitioners are therefore generally required to exhaust direct appeal before bringing a petition under § 2255"); Wall v. United States, 619 F.3d 152, 154 (2d Cir. 2010) ("habeas petitions [under § 2255] filed before the petitioner has exhausted his direct appeal are generally considered premature")

Mr. Xia was also informed that "absent a showing that your petition is much more promising than your appeal, it usually does not make sense for a district court to hear that petition because compared to an appeal, a 2255 petition imposes a tougher standard on you." (Dkt. 314 at 6.) See United States v. Vilar, 645 F.3d 543, 548 (2d Cir. 2011) ("Absent a showing that the habeas application is much more promising, judicial economy would seem to favor pursuing the direct appeal first" because "[c]ompared to direct appeals, habeas proceedings impose tougher standards on the defendant and require more demanding showings.")

Finally, the Court advised Mr. Xia that "you do not have the right to a lawyer for your 2255 petition, although you will have a right to have a lawyer on your appeal." (Dkt. 314 at 6.) See Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987); Heath v. U.S. Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986).

2

Given Mr. Xia's fraught relationship with his counsel of record, the Court had directed CJA duty counsel, Robert Soloway, to be available to Mr. Xia at the conference. Mr. Xia took the opportunity to consult with Mr. Soloway during the proceeding. After that consultation, Mr. Xia requested "one week or so" to discuss "with my family" whether to proceed with a 2255 petition while his appeal is pending. (Id. at 8.) The Court indicated it was amenable to that request and directed Mr. Soloway to assist Mr. Xia with his decision if he sought the assistance of counsel. Later the same day, the Court issued an order directing Mr. Xia to advise the Court in writing no later than September 19, 2014 "whether he desires to have his letters of August 18, 2014 and August 27, 2014 … construed as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence." (Dkt. 302.)

The Court is now in receipt of a letter dated September 15, 2014 from Mr. Xia advising the Court that he has "decided to request a Section 2255 hearing before the appeal." (Dkt. 319.) Having provided Mr. Xia with ample opportunity to consider the potential consequences of his proceeding with a 2255 petition at this juncture, the Court shall construe Mr. Xia's earlier letters as a motion under 28 U.S.C. § 2255. Accordingly, it is hereby:

ORDERED that Mr. Xia's letters of August 18, 2014 and August 27, 2014 will be construed as a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. The Clerk of Court is respectfully requested to open a new civil action under 28 U.S.C. § 2255. That new action should be marked as related to this criminal case and assigned to the Court's docket.

IT IS FURTHER ORDERED that, in accordance with the rule announced in Castro v. United States, 540 U.S. 375, 383 (2003), Mr. Xia is granted leave to supplement or otherwise amend his 2255 petition in order to provide Mr. Xia with an opportunity to ensure his petition contains all of the § 2255 claims he believe he has. **Any such amendment shall be made no**

3

**later than October 10, 2014.** To assist Mr. Xia in proceeding with his petition, the Clerk of Court is respectfully requested to provide him with the Pro Se Litigation Office's 2255 petition instructions and motion materials.

Finally, in his letter of September 15, 2014, Mr. Xia also seeks to "renew [his] request to delay [his] surrender date" by two months.[1] Mr. Xia cites the difficulty of making phone calls from prison to his ailing father, his daughter's pending high school exams and college visits, his employer's need for his services, and the perceived strength of his arguments in his pending appeal. While the Court is not without sympathy for the impact that Mr. Xia's incarceration will have on his family, none of his arguments warrant a delay. Accordingly, Mr. Xia's motion is again DENIED. As indicated in the Court's judgment in this case, **Mr. Xia shall surrender at the institution designated by the Bureau of Prisons by 2 p.m. on October 10, 2014.**

In light of his forthcoming surrender date, Mr. Xia is reminded that he should ensure the Clerk of Court is apprised of his new mailing address so that he may receive further orders and other materials in his 2255 action.

SO ORDERED.

Dated:    September 24, 2014
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

[1] The Defendant made his first request to adjourn his surrender date at the conference held on September 11, 2014, and the request was denied. (Dkt. 314 at 9.)