*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*



*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**BY ECF**                                                                                      September 29, 2014

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York  10007

        Re:     United States v. Liu et al., 12 Cr. 934 (RA)

Dear Judge Abrams:

       The Government respectfully submits this letter to address the question posed by the Court during the status conference as to defendant Guo Qin Miao, begun on September 23, 2014.  At that time, the Court requested that the Government address the issue of whether a defendant may be held liable in forfeiture for proceeds amounts obtained by co-conspirators prior to that defendant's entry into the conspiracy.

       Defendants are liable in forfeiture for all proceeds of a conspiracy that are reasonably foreseeable to them, including proceeds that the defendant understood or reasonably should have understood were earned by the conspiracy that he or she chose to join prior to that defendant's decision to join the conspiracy.  "Foreseeability" in this context, as in any question of coconspirator liability, is not limited to the foreseeability of *future* action, but rather extends to conduct and proceeds attributable to the entire scope of a conspiracy, limited only to the extent that a  particular defendant understood (or reasonably should have understood) the scope of that conspiracy.  *See United States* v. *Bloome*, 777 F.Supp. 208, 210-11 (E.D.N.Y. 1991) (holding defendants subject to forfeiture for property attained in a burglary accomplished before they joined the conspiracy); *see generally United States* v. *Omar Gonzalez,* 566 Fed. App'x 44, 48-49 (2d Cir. May 16, 2014) (summary order) (affirming the district court's jury instruction with respect to conspiracy liability, namely that "when a defendant joins a conspiracy he becomes responsible for all that was done before he joined, to the extent those acts are reasonably foreseeable and within the scope of the defendant's agreement." (internal quotation marks omitted)); *United States* v. *Santos*, 541 F.3d 63, 73 (2d Cir. 2008) (citing *United States* v. *Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.")).  *But see United States* v. *Brown*, 2013 WL 2473034 at

\*3 (D. Md. June 10, 2013) ("Accordingly, a defendant who joined a conspiracy late, may be liable only for the proceeds realized by himself and his co-conspirators after that date.").[1]

In this case, the law firms with which these conspirators were associated operated as full-time fraud-mills. As the testimony of the Government's witnesses established, only a miniscule percentage of the activities of these firms consisted in legitimate work. The defendants who participated in these law firms' activities understood the overlaps between the purportedly distinct entities and understood the extent and scope of the fraud activities. Where a given co-conspirator entered into the conspiracy after its inception, the nature and scope of the fraud, coupled with the obvious fact that these fraud-mills had been established and perfected prior to a given entrant's decision to join, makes any given conspirator liable for the full scope of the conspiracy, including the full scope of proceeds reaped as a result of the conspiracy's criminal activities.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:  ___/s/_____
ANDREW C. ADAMS
Assistant United States Attorney
(212) 637-2340

---

[1] The District Court in *Brown* based its ruling on an understanding of the principle of "reasonable foreseeability" that is foreclosed by the Second Circuit's frequent recognition that a late-joining coconspirator can, and often does, understand the prior activities of the conspiracy that he joins at the time that he joins it.