Case 1:12-cr-00934-RA   Document 348   Filed 10/09/14   Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHU FENG XIA,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

No. 14-cv-7978-RA
No. 12-cr-934-RA-9

OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

    Shu Feng Xia, proceeding *pro se*, brings this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the basis of, among other things, the ineffectiveness of his counsel at sentencing.[1] Xia stands convicted of one count of conspiracy to commit immigration fraud pursuant to 18 U.S.C. § 371. On March 17, 2014, Xia pled guilty and, on August 8, 2014, he received a sentence of one year and one day followed by three years of supervised release. His sentence included a forfeiture money judgment of $16,100,000. A notice of appeal was filed on August 12, 2014, but that appeal has yet to be heard or decided by the Court of Appeals.

    The events giving rise to the instant motion began on August 18, 2014, when Xia advised the Court that he had "decided to fire [his] lawyer" and sought reconsideration of his sentence before this Court, notwithstanding his pending appeal. (No. 12-cr-934-RA, Dkt. 277.) As explained at some length in the Court's Order of September 24, 2014, Xia was advised of the option of pursuing a § 2255 motion at this time and of the potential drawbacks of doing so, including the

---

[1] Xia's petition is comprised of three separate documents; see No. 12-cr-934-RA, Dkt. 277, 287 & 333.

1

possibility that such a motion would be dismissed as premature while his appeal was pending. (Id., Dkt. 314.) For the reasons that follow, the Court concludes that Xia's motion is indeed premature and, accordingly, his motion is denied without prejudice.

Although "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal," United States v. Outen, 286 F.3d 622, 632 (2d Cir. 2002) (emphasis removed), a § 2255 motion "is not a substitute for direct appeal and petitioners are therefore generally required to exhaust direct appeal before bringing a petition under § 2255." United States v. Dukes, 727 F.2d 34, 41 (2d Cir. 1984); accord Wall v. United States, 619 F.3d 152, 154 (2d Cir. 2010) ("habeas petitions filed before the petitioner has exhausted his direct appeal are generally considered premature"). "Absent a showing that the habeas application is much more promising, judicial economy would seem to favor pursuing the direct appeal first." United States v. Vilar, 645 F.3d 543, 548 (2d Cir. 2011). That is so because, among other things, "[c]ompared to direct appeals, habeas proceedings impose tougher standards on the defendant and require more demanding showings." Id. Thus "the better practice, when a direct appeal is pending, is to deny a § 2255 motion without prejudice pending resolution of the appeal." United States v. Lluberes, Nos. 08-cv-9306-DC, 90-cr-0944-DC, 89-cr-0877-DC, 2008 WL 5455010, at *1 (S.D.N.Y. Dec. 24, 2008).

That general practice notwithstanding, the Second Circuit has, with respect to ineffectiveness assistance of counsel claims in particular, expressed a "baseline aversion to resolving [such] claims on direct review," United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003) (quoting United States v. Salameh, 152 F.3d 88, 161 (2d Cir. 1998)). Where a habeas petitioner makes a Sixth Amendment ineffective assistance claim, "[t]he better course is ... to pursue [this] claim through a collateral habeas proceeding under 28 U.S.C. § 2255." United States v. Murdock, 542 F. App'x

2

57, 59 (2d Cir. 2013) (citing United States v. Gaskin, 364 F.3d 438, 467–68 (2d Cir. 2004)). The Circuit has adopted this view because, in most cases, "a cold trial record usually will not disclose the facts necessary to decide either prong of the Strickland analysis." United States v. Haynes, 729 F.3d 178, 196 (2d Cir. 2013) (quoting Massaro v. United States, 538 U.S. 500, 505 (2003)) (internal quotation marks omitted); see also DiMattina v. United States, 949 F. Supp. 2d 387, 407 (E.D.N.Y. 2013) ("[D]eciding a claim of ineffective assistance on a direct appeal ... is generally least desirable because evidence not in the trial record is often necessary to ascertain the bases for a trial attorney's tactics.")

"Nevertheless, direct appellate review [of an ineffective assistance of counsel claim] is not foreclosed." Gaskin, 364 F.3d at 468. The Court of Appeals "will review ineffective assistance claims on direct appeal when the record is fully developed and resolution is beyond doubt." United States v. Moore, 322 F. App'x 78, 84 (2d Cir. 2009) (citing United States v. Garcia, 413 F.3d 201, 219 n. 13 (2d Cir. 2005); United States v. Khedr, 343 F.3d 96, 100 (2d Cir. 2003)).

The Court has reviewed Xia's submissions, which, as indicated, may be construed as raising various arguments, including claims regarding the ineffective assistance of counsel and the reasonableness of his sentence. In light of the likelihood that Xia will raise issues on his direct appeal other than the ineffective assistance of counsel, the Court concludes that the prudent path at this juncture is to allow the Court of Appeals to decide his appeal before entertaining his habeas petition.[2] Accordingly, Xia's motion under 28 U.S.C. § 2255 is denied without prejudice to re-refile after his direct appeal is decided.

---

[2] In so concluding, the Court is also mindful that proceeding to the merits at this stage may, depending on the results of the direct appeal, foreclose any further attempts at collateral review. See 28 U.S.C. § 2255(h).

3

The Clerk of Court is directed to mail a copy of this Order to Xia at both of the following addresses:

    (1)    Shu Feng Xia
            75-40 162nd Street
            Fresh Meadows, NY 11366

    (2)    Shu Feng Xia (USM # 67791-054)
            CI Moshannon Valley Correctional Center
            555 Geo Drive
            Philipsburg, PA 16866

SO ORDERED.

Dated:    October 9, 2014
             New York, New York

                                              Ronnie Abrams
                                              United States District Judge