*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 3, 2014

**By ECF**
The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

    Re:    **United States v. Vanessa Bandrich.**
              S1 12 Cr. 934 (RA)

Dear Judge Abrams:

      The Government respectfully requests that the Court adjourn the sentencing of Vanessa Bandrich, a defendant in the above-captioned case, for two weeks, as the witnesses necessary for the hearing ordered by the Court on October 30, 2014, will not be available in enough time to prepare for the hearing on November 10, 2014. The Government further respectfully requests that the Court issue an order directing counsel for Ms. Bandrich to clarify the disputed issues for which he seeks a hearing.

      On September 30, 2014, the day that objections to the proposed forfeiture order were due, defense counsel for Vanessa Bandrich submitted a letter seeking an additional two weeks to file his objections to the forfeiture order. Bandrich's counsel, however, did not file any objection by the new deadline. Instead, in his sentencing memorandum dated October 28, 2014 ("Def. Mem"), defense counsel simply states that "[d]ue to the nature of the criminal offense, there are no proceeds that should be ordered forfeited by Ms. Bandrich and there are no victims who are entitled to restitution." In the alternative, he requests "an evidentiary hearing concerning forfeiture and/or restitution." Def. Mem. at 28.

      It is entirely unclear what counsel means by his claim "there are no proceeds that should be forfeited." Def. Mem. at 28. To the extent that counsel is claiming that his client is factually innocent of the charges, that issue has been resolved by the jury. To the extent that counsel is claiming that there were no proceeds of the scheme for which Ms. Bandrich was convicted for participating in, that is an argument that the Court has already confronted and rejected based on the trial evidence in the sentencings of other defendants in this case. The case law is clear that the Court can make findings relevant to sentencing without an evidentiary hearing where the defendant is on notice of the pertinent information and has a chance at sentencing to rebut it. *See*, *e.g.*, *United States* v. *Rawls*, 523 F. App'x 772, 780 (2d Cir. 2013) (permitting the district court to "rely on information adduced at proceedings involving other defendants" because he

was apprised of "all pertinent information from other proceedings, and he had the opportunity to rebut the evidence") (citing *United States* v. *Romano*, 825 F.2d 725, 730 (2d Cir. 1987) (permitting the district court to make findings without an evidentiary hearing where the defendant "was on notice of all relevant information that could be used in determining his sentence and had an opportunity to make appropriate objections")). Indeed, Fed. R. Crim. P. 32.2(b)(1)(B), specifically allows for this, saying that the "Court's determination may be based on evidence already in the record." This defendant was present at the trial where there was ample evidence of the proceeds generated by this fraud. There was testimony from an official from the asylum office as to the number of applications filed by both firms. Furthermore, there was testimony from two cooperators describing how (a) the firm was paid $10,000 or more for each successful application; and (b) how an overwhelming majority of the applications filed by the firms were fraudulent. Therefore, there is already evidence in the record sufficient to reject defense counsel's proffered basis for the hearing (i.e., that there were no proceeds from the fraud).

To the extent that defense counsel has some *specific* objection to the forfeiture amount, that objection could, of course, necessitate a hearing. However, without defense counsel's objections to the preliminary order of forfeiture – beyond his blanket allegation that there were no proceeds from the fraud – it is impossible to determine what those bases might be. As such, it is impossible for the Government to prepare its witnesses to address the concerns defense counsel might have if he does not make us aware of them. Therefore, the Government respectfully requests that the nature of the defendant's claim be clarified so that the Government may adequately prepare for the hearing.

In addition, the Government respectfully requests that the hearing and sentencing be adjourned for an additional two weeks in order to accommodate the schedule of the Government's anticipated witnesses. Upon receiving the Court's order ordering the hearing on October 30, 2014, the Government reached out to Executive Office of Immigration Review ("EOIR") to find an appropriate witness to testify as to the number of granted applications, a necessary component to such a hearing, whatever the nature of defendant's claim. The person coordinating the effort at EOIR responded that he was going to be out of town from October 31, 2014 until November 6, 2014. Upon his return, he would still need to identify the correct person, help them gather the information necessary for the hearing, and send them to New York in order to prepare. The Government respectfully submits that he will not be able to do this in three days.

Therefore, the Government respectfully requests that the Court adjourn the sentencing for two weeks in order to allow the Government to identify the necessary witnesses and prepare them for the hearing. In the meantime, the Government further respectfully requests that the Court ask defense counsel to clarify the basis of his challenge to the forfeiture order or, in the alternative, that the Court issue an Order identifying for the parties the issues that the Court is interested in inquiring about at such a hearing.

                Very truly yours,

                PREET BHARARA
                United States Attorney

By: _____
                Patrick Egan
                Assistant United States Attorney
                (212) 637-2345

Cc:    Defense counsel (by ECF)