*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 4, 2014

**BY ECF and Email**

The Honorable Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **United States of America v. Feng Ling Liu, et al.**
            **12 Cr. 934 (RA)**

Dear Judge Abrams:

      The Government writes to clarify a statement in its opposition to the defendant's motion for a new trial or a judgment of acquittal and in brief response to the defendant's reply brief dated October 31, 2014.[1] As Your Honor is aware, the defendant seeks a new trial, alleging among other things, that the Government failed to produce copies of recordings 7, 11, 13 and 36 and that she was prejudiced by this alleged prosecutorial misconduct. In its opposition, the Government stated that these recordings did not pertain to the defendant's case and were accordingly not produced. The Government has since realized, however, that summaries of these recordings were in fact produced to the defendant as part of 3500 material for Victor You. (See, 3503-086; 3503-87; 3503-88; and 3503-091).

---

[1] On November 3, 2014, the Government received an ECF bounce indicating that the defendant had filed a reply brief in the above referenced matter. A copy of the brief was not available on ECF. The Government communicated with the pro se defendant and requested a copy of the brief. The defendant responded promptly indicating that she had "filed the response brief last Friday" and attaching a copy of the brief, which she stated was "a little different from the one filed to court" and that "[p]age one in this attachment should be page zero in the version submitted to the court." The Government understands the defendant to mean that the only difference between the brief filed with the Court and the brief emailed to the Government is the pagination. The defendant also indicated that she "will have more submissions in the next few days and [] will try to file as soon as I finish them" and would "remember to email" any copies of the submissions to the Government.

None of the defendants charged in Indictment 12 Cr. 934 were recorded on any of the four recordings. Rather, the recordings each constitute inculpatory statements by Victor You and/or Meng Fei Yu, made after they had ceased involvement in the conspiracy. Because these recordings do not constitute Rule 16 discovery, there was nothing improper about the Government's decision not to produce them as part of discovery. The recordings do, of course, constitute 3500 material for both Victor You and Meng Fei Yu. But the defendant cannot allege any impropriety on that front because the Government <u>did</u> produce summaries of the recordings as 3500, and made available the recordings themselves through the third party discovery vendor.[2] More specifically, the Government produced 3500 material on March 7, 2014, nearly two weeks before the beginning of jury selection on March 19, 2014, and nearly three weeks before the first Government cooperator testified on March 25, 2014. This was more than sufficient time for defense counsel to review the 3500 material and make use of it at trial. Indeed, defense counsel utilized the transcript of one of the recordings, 3503-91, to cross-examine Victor You, and made arguments in summation based on that recording. (Tr. 685; 2226). Because the recordings were produced significantly in advance of trial, the defendant simply cannot allege that she has suffered any prejudice, let alone the substantial prejudice that would warrant a new trial.

In her reply brief, the defendant also claims for the first time, that law enforcement agents interviewed a client of the Moslemi firm at the Arlington Virginia Asylum Office. We have spoken to the law enforcement agents responsible for the investigation of this case and have been informed that no such interview took place.

Sincerely,

PREET BHARARA
United States Attorney

By: _____/s/_____
Rebecca Mermelstein
Patrick Egan
Robert L. Boone
Assistant United States Attorney
Southern District of New York
(212) 637-2360/2345/2208

Cc: Feng Ling Liu

---

[2] Even if the recordings were deemed produceable pursuant to Rule 16 – which they are not – production two weeks prior to trial was sufficient to meet the dictates of Rule 16 and the defendant cannot show that she was prejudiced by the timing of the production, let alone that there is a reasonable probability that had the recordings been disclosed earlier the result of the proceeding would have been different. *United States* v. *Bagley*, 473 U.S. 667, 682 (1985).