UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____ JAN 15 2015
DATE FILED: _____
```

United States of America

    v.

Shu Feng Xia,
  a/k/a "Kevin,"

        *Defendant.*

                  12 Cr. 934 (RA)

Shu Feng Xia,

        *Petitioner*

    v.

United States of America,

        *Respondent.*

**14 Civ. 10029 (RA)**

### Order re: Attorney-Client Privilege Waiver (Informed Consent)

WHEREAS Shu Feng Xia has moved for relief from his conviction pursuant to 28 U.S.C.

§2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the

testimony of Petitioner's former counsel, Joshua Dratel, Esq. ("Counsel"), will be needed in

order to allow the Government to respond to the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony

of Counsel is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the movant has waived the attorney-client privilege

as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*,

IT IS HEREBY ORDERED that Counsel shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by movant; and it is further

ORDERED that Shu Feng Xia execute and return to this court within 60 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the court within 60 days from today's date, the court will deny the §2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion.

Dated: New York, New York
     January 15 , 2015

                                    UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | |
| v. | **12 Cr. 934 (RA)** |
| Shu Feng Xia,<br>  a/k/a "Kevin," | |
| *Defendant.* | |
| | |
| Shu Feng Xia, | |
| *Petitioner* | **14 Civ. 10029 (RA)** |
| v. | |
| United States of America, | |
| *Respondent.* | |

### Attorney-Client Privilege Waiver (Informed Consent)

To: Shu Feng Xia

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyer, Joshua Dratel, Esq. (referred to in this form as "your former attorney"). The court has reviewed your papers and determined that it needs to have a sworn testimonial statement from Counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in

response to a court order and (2) only to the extent necessary to shed light on the allegations of
ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney
will contradict your statements about his or her representation of you. However, you should also
know that the court will deny your motion if you do not authorize your former attorney to give
an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within sixty (60) days from the date of
the Court's Order directing your former lawyer to give testimony. If the Court does not receive
this form, signed by you and notarized, within that time, the court will automatically deny your
motion.

NOTARIZED AUTHORIZATION

*Joshua Dratel*

I have read the Court's Order dated **01/15/14** and this document headed Attorney-Client
Privilege Waiver (Informed Consent). I hereby authorize my former attorney, *[name]*, Esq., to
comply with the Court's Order by giving testimony, in the form ordered by the court, relating to
my motion to set aside my conviction on the ground of ineffective assistance of counsel. This
authorization allows my former attorney to testify only pursuant to court order, and only to the
extent necessary to shed light on the allegations of ineffective assistance of counsel that are
raised by my motion.

Dated: _____

_____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public

2
**Attorney-Client Privilege Waiver (Informed Consent)**