USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 26 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

UNITED STATES OF AMERICA

-v.-

SHU FENG XIA,
a/k/a "Kevin,"
Defendant.

-----------------------------------x

AMENDED PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT
12 Cr. 934 (RA)

WHEREAS, on or about December 12, 2012, SHU FENG XIA, a/k/a "Kevin" (the "Defendant"), among others, was charged in a one-count Indictment, 12 Cr. 934 (RA) (the "Indictment"), with conspiracy to commit immigration fraud, in violation of 18 U.S.C. § 371 (Count One);

WHEREAS, the Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the Indictment, including but not limited to, a sum in United States currency representing the amount of proceeds obtained as a result of the offense charged in Count One of the Indictment;

WHEREAS, on or about December 18, 2012, law enforcement agents seized $25,368.00 in United States currency from the Bandrich Office, located at 11 East Broadway, 4-D, New York, New York (the "Subject Property");

WHEREAS, on or about February 25, 2014, the Defendant was charged in a one-count Superseding Indictment, S2 12 Cr. 934 (RA) (the "Superseding Indictment"), with conspiracy to commit immigration fraud, in violation of 18 U.S.C. § 371 (Count One);

WHEREAS, the Superseding Indictment included a forfeiture allegation, seeking forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offense alleged in Count One of the Superseding Indictment, including but not limited to, a sum in United States currency representing the amount of proceeds obtained as a result of the offense charged in Count One of the Superseding Indictment;

WHEREAS, on February 27, 2014, the Government filed a Forfeiture Bill of Particulars identifying the following property as being subject to forfeiture as a result of the offense described in the Superseding Indictment:

a. 64-14 48th Avenue, Flushing, NY 11377, Block 2338, Lot 26; 173 Bowen Road, Carmel, NY 10512;

b. 175 Bowen Road, Carmel, NY 10512;

c. 177 Bowen Road, Carmel, NY 10512;

d. 181 Bowen Road, Carmel, NY 10512;

e. 59-46 156th St, Flushing, NY 11355, Block 6733,

Lot 61;

f. 75-40 162nd Street, Fresh Meadows, NY 11366, Block 6835, Lot 22;

g. 100-05 40th Road, Corona, NY 11368, Block 1609, Lot 42;

h. 138-27 64th Avenue, Flushing, NY 11367, Block 6399, Lot 48;

i. 982 Halsey Street, Brooklyn, NY 11207, Block 3408, Lot 13; and

j. 984 Halsey Street, Brooklyn, NY 11207, Block 3408, Lot 14

(collectively, the "Real Properties");

WHEREAS, on or about March 7, 2014, the defendant, SHU FENG XIA, a/k/a "Kevin," pled guilty to Count One of the Superseding Indictment;

WHEREAS, On March 14, 2014, the Court signed a Post-Indictment Restraining Order restraining all of the defendants in the above-captioned matter from engaging in the transfer, sale, assignment, pledge, hypothecation, encumbrance, dissipation or movement of the following assets:

a. Any and all funds held in Bank of America NA account numbered 483037367430, held in the name of Fengling Liu Sole Proprietor dba Fengling Liu Attorney at Law;

b. Any and all funds held in Bank of America NA account numbered 483037368578, held in the name of Fengling Liu Sole Proprietor dba Fengling Liu Attorney at Law; and

c. Any and all funds held in JP Morgan Chase Bank NA account numbered 476174722, held in the name of Moslemi and Associates Inc.

(collectively, the "Bank Accounts");

WHEREAS, On March 14, 2014, the Government filed a Second Forfeiture Bill of Particulars identifying the Bank Accounts as property subject to forfeiture as a result of the offense described in Count One of the Superseding Indictment;

WHEREAS, pursuant to 21 U.S.C. § 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in ~~Count One of the Indictment and in~~ Count One of the Superseding Indictment, a money judgment in the amount of $16,100,000.00 in United States currency (the "Money Judgment") shall be entered against the defendant. The Money Judgment shall be joint and several with those of any other

defendant convicted under this docket number, 12 Cr. 934 (RA).

2. As a result of the offense charged in ~~Count One of the Indictment and~~ Count One of the Superseding Indictment, all of the defendant's right, title and interest in the Subject Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, this Order is final as the defendant and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Any proceeds obtained by the United States through sale of the Subject Property shall off-set against any balance of the Money Judgment then outstanding.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

9. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, Chief, Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
~~January __,~~ February 26, 2015

SO ORDERED:

HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE